Commonwealth *v*. Krall, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

216

*Joseph C. Mesics,* Public Defender, for appellant.

*David J. Brightbill,* Assistant District Attorney, and *George E. Christianson,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, May 4, 1973:

John Richard Krall was convicted by a jury in Lebanon County of burglary and was sentenced to a term of two-to-five years. Following denial of post-trial motions in the trial court, appellant prosecuted a direct appeal to the Superior Court where the judgment of sentence was affirmed in a unanimous *per curiam* order. We granted review to consider appellant's contention that he had been illegally arrested.

In the early morning of April 1, 1970, the vehicle in which appellant Krall (the driver) and one Glenn Swanger (the passenger) were proceeding on a road leading from Myerstown, Pennsylvania, was stopped by a state

trooper. The trooper discovered that Krall possessed neither an operator's license nor registration for the car, and that the car appeared (from external inspection) to contain burglary tools on the floor. Both Krall and Swanger were immediately arrested for possession of burglary tools and were escorted to a nearby magistrate. The police obtained a search warrant and returned to the car, finding there many tools suitable for use in the commission of burglaries. While the two occupants of the vehicle were still present in the magistrate's office, word came from Myerstown that the Post Office there had been entered during the night. A button discovered in that building matched those on a coat worn by Swanger, one button of which happened to be missing. Neither Krall or Swanger was immediately charged with burglary. They were charged instead with possession of burglary tools and, since neither was able to post bail, were detained in the Lebanon County Jail.

On April 13, 1970—some two weeks later—the Assistant Chief of the Myerstown Borough Police Department filed a criminal complaint against Krall before a justice of the peace for the burglary of the Post Office, and obtained from her a warrant for the arrest of Krall, who was still confined in the Lebanon County Jail.

On June 2, 1970, a preliminary hearing was held before the justice of the peace who had issued the warrant and appellant Krall was held for court. Thereafter, on July 29, 1970, appellant filed in the lower court a motion entitled "Application To Dismiss Charges" in which it was alleged that the complaint and the arrest warrant failed to provide the issuing authority with information from which she could have made a neutral and independent determination of probable cause for the defendant's arrest.[1] No hearing was

---

[1] Appellant's motion "to dismiss charges" would have been more appropriately captioned as a petition for a writ of habeas corpus, the traditional mode of challenging the legality of detention.

held, however, and this motion was ultimately denied by the court.[2] Thereafter, Krall was indicted for burglary, and on December 15, 1970 was convicted after a trial by jury. Post-trial motions were refused, including a motion in arrest of judgment on the ground that "defendant's constitutional rights were violated by an unlawful arrest." The appeal to the Superior Court followed.

The appellant here asserts, as he did below, that his arrest was illegal because the record fails to show that the justice of the peace who issued the warrant for arrest had probable cause to do so. He contends that all proceedings which followed, including trial and conviction, were therefore rendered nugatory. No attack has been made on the search warrant nor on the evidence seized pursuant thereto. Nor has it been alleged that any evidence obtained by the police was the fruit of an unlawful arrest. Cf. *Betrand Appeal*, 451 Pa. 381, 303 A. 2d 486 (1973); *Commonwealth v. Brown*, 451 Pa. 395, 301 A. 2d 876 (1973); *Commonwealth v. Futch*, 447 Pa. 389, 290 A. 2d 417 (1972); *Commonwealth v. Bishop*, 425 Pa. 175, 228 A. 2d 661 (1967). The complaint is solely that the appellant *himself* was never properly and legally before the court. What appellant seeks, in effect, is suppression of his very person. This we decline to do.

There is, of course, no doubt that the issuing authority must have probable cause to believe a suspect guilty of a crime charged against him before issuing a warrant for his arrest. This is ancient law and basic to our concept of freedom. *Giordenello v. United States*, 357 U.S. 480, 2 L. Ed. 2d 1503 (1958). It is embodied in the Fourth Amendment to the United States Consti-

---

[2] The opinion of the court below states that neither the Commonwealth nor the defendant caused this motion to be set down for hearing or argument.

tution. It is reflected in our Rules of Criminal Procedure, Rule 106.[3] The defect in the complaint and warrant to which appellant points is apparent: nowhere is information therein provided from which the justice of the peace could make a detached judgment that probable cause existed to issue process. See *Giordenello*, supra, 357 U.S. at 486. Nor is it possible to gather from the record presented to this Court that the police officer presented the justice of the peace with verbal statements not contained in the complaint from which a conclusion of probable cause might properly be drawn. *Commonwealth v. Milliken*, 450 Pa. 310, 300 A. 2d 78 (1973). Unfortunately for appellant, the remedy on this direct appeal is *not* to vacate his conviction.

It has long been the law in this and in other jurisdictions that "the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant." 41 Am. Jur. 2d, *Indictments and Informations*, §18, at 891 (1968). In *Albrecht v. United States*, 273 U.S. 1, 5, 71 L. Ed. 505 (1927), the contention was made that the warrant on which the defendant was initially arrested was defective and that therefore the criminal information subsequently filed must be quashed. The Court, per BRANDEIS, J., did not agree: "As the affidavits on which the warrant issued had not been properly verified, the arrest was in violation of the clause in the 4th Amendment which declares that 'no warrants shall issue but upon probable cause supported

---

[3] Pennsylvania Rule of Criminal Procedure 106(a):

"In any proceeding initiated by complaint the issuing authority shall first determine whether:

"(1)  The complaint has been properly completed and executed:

"(2)  The affiant is a responsible person; and

"(3)  *There is probable cause for the issuance of process.*" (Emphasis added.)

by oath or affirmation'. . . . *But it does not follow that because the arrest was illegal, the information was or became void.*" (Emphasis added.) See also *United States v. Hughes,* 311 F. 2d 845 (3d Cir. 1962).[4]

Our own law is to the same effect. In *Commonwealth v. Brennan,* 193 Pa. 567, 569, 44 A. 498 (1899), the appellant had been indicted, tried and convicted of murder. At trial he sought by motion to quash the indictment because it was not found after an information sworn to and subscribed before the committing magistrate. This Court held: "While the defendant might have been heard on that subject upon a proceeding to be discharged from custody on the ground of an illegal commitment, *it is certainly too late after indictment found upon the trial of the cause.* The finding of the indictment cannot be invalidated for any such reason." (Emphasis added.) See also *Commonwealth v. Bruno,* 203 Pa. Superior Ct. 541, 201 A. 2d 434 (1964) ; *Commonwealth ex rel. DiDio v. Baldi,* 176 Pa. Superior Ct. 119, 106 A. 2d 910 (1954).

---

4. J. Wm. Moore, 8 Moore's Federal Practice para. 4.02 (Determining the Legality of Arrest), at 4-11: "Are there any consequences of unlawful arrest, apart from the suppression of evidence obtained thereby? Pending the filing of an indictment, a defendant in custody as a result of an unlawful arrest may procure his release by a writ of habeas corpus. But an unlawful arrest does not ordinarily affect the legality of an indictment or information thereafter filed against the defendant." It has been suggested that where the police illegality is flagrant, an exclusionary rule should be permitted to operate on the person of the defendant himself. See Allen, Due Process and State Criminal Procedures: Another Look, 48 Nw. U.L. Rev. 16, 27-28 (1953). We can discover no court which has so held. Cf. *United States v. Rosenberg,* 195 F. 2d 583, 602-603 (2d Cir. 1952) (FRANK, J., suggesting such a rule). We do not intend by today's decision to foreclose such an argument in Pennsylvania, as we think that the conduct of Lebanon County authorities in this case was not flagrant by any definition of the word.

This general principle appears in our Pennsylvania Rules of Criminal Procedure, Rule 115: "If at any time *prior to disposition of a case by an issuing authority*, it appears that a warrant, summons, complaint or citation contains a substantive defect, the defendant shall be discharged, but nothing in this rule shall prevent the filing of a new complaint, and the issuance of process charging another offense in a proper manner." (Emphasis added.) Here the appellant alleges a defect in the criminal complaint filed before the "issuing authority", the justice of the peace. Assuming for the sake of argument that this complaint and the arrest warrant issued under it do not satisfy the requirements of the Fourth Amendment, then Krall could have obtained his discharge from custody under Rule 115 at any time *"prior to disposition of [his] case by [the] issuing authority."* The "disposition" of which the Rule speaks here occurred on June 2, 1970 when the issuing authority conducted a preliminary hearing, heard the Commonwealth's witnesses, and determined in a neutral and independent manner that a *prima facie* case was made out. Thereafter it was not possible for appellant either in logic or under our rule to show that his custody (or his release on bail) was not based on a finding of probable cause made by a judicial officer.

Judgment of sentence affirmed.

Mr. Justice EAGEN concurs in the result.