Commonwealth *v.* Mills, Appellant.

174

Argued March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Kenneth E. Hankins, Jr.*, with him *Martin, Bittle & Hankins*, for appellant.

*Edwin D. Strite, Jr.*, First Assistant District Attorney, with him *John R. Walker*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 24, 1975:

Appellant was found guilty, by a jury, of operating a motor vehicle while under the influence of intoxicating liquor.[1] Following the denial of post-trial motions, appellant was sentenced to pay a fine of $200 and to undergo imprisonment in the Franklin County Prison for a period of not more than 15 days. Appellant raises two points of alleged error, both of which were properly preserved for this appeal. We find no merit to appellant's contentions and will, therefore, affirm the judgment of sentence of the lower court.

The facts indicate that at approximately 11:00 p.m. on March 22, 1973, Officer Russell C. Weikert of the Waynesboro Police Department was informed of a two-car accident at a railroad crossing on West Third Street in the Borough of Waynesboro. Officer Weikert arrived on the scene and began to make a routine investigation to determine what had happened. Mr. Robert G. Sholty identified himself as the operator of one of the vehicles, and appellant identified himself as the operator of the other.

From the location of the debris, the officer concluded that the collision had occurred approximately three feet south of the center line of West Third Street, *i.e.*, at a point three feet inside the eastbound lane of traffic. At the point of impact, the street is approximately 40 feet wide, straight, and in good condition. Mr. Sholty had been proceeding in an easterly direction and the appellant had been proceeding in a westerly direction.

When the officer first observed appellant, he was leaning against the side of his vehicle. Appellant was asked for his operator's license and the registration card for the car. Appellant gave the registration card to the officer, but had some difficulty in producing his operator's license. He attempted to hand his wallet to Officer Wei-

---

1. Act of April 29, 1959, P.L. 58, §1037 (75 P.S. §1037).

kert, who refused to accept it. After again being requested to produce his operator's license, appellant gave the officer a Maryland operator's license. The appellant's Pennsylvania registration card had been validated approximately five months earlier, and the officer questioned appellant on his failure to have a current Pennsylvania operator's license.

Officer Weikert noticed during this time that appellant's speech was slurred, that there was a strong odor of alcohol coming from appellant, and that appellant did not stand erect but rather constantly propped himself against his car or the police cruiser. The officer concluded that appellant was under the influence of alcohol, and arrested him for driving in that condition. Appellant was informed of his constitutional rights and asked if he would submit to a blood alcohol test. Appellant answered in the affirmative, and he was taken to the Waynesboro Hospital where the blood test was performed. At no time did the officer have an arrest warrant or a search warrant.

A preliminary hearing was held in the office of the Justice of the Peace on April 19, 1973. The magistrate determined there was sufficient evidence to hold appellant for court. On May 1, 1973, appellant presented a pretrial application to dismiss the action and to suppress the evidence. Appellant was indicted on May 7, 1973, and on May 18, 1973, the court granted appellant's application for the suppression of the blood test but denied the motion to dismiss the action. The case then went to trial, appellant was found guilty, and this appeal followed.

Appellant first contends that the entire action should have been dismissed because the arrest without a warrant was, in this case, illegal, thus divesting the lower court of jurisdiction. Appellant had been arrested for a misdemeanor and, at that time, the applicable law in the Commonwealth provided that an officer could make such a warrantless arrest when he had probable cause to be-

lieve the misdemeanor was being committed in his presence.[2] *Commonwealth v. Reeves*, 223 Pa. Superior Ct. 51, 297 A.2d 142 (1972). *See also* The Vehicle Code, Act of April 29, 1959, P. L. 58, §1204 (75 P.S. §1204). Appellant argues that no misdemeanor was committed in the officer's presence, and so there was no right to arrest. Without deciding whether appellant was still "operating" his vehicle when the policeman arrived, we will assume for purposes of this appeal that the arrest was illegal. However, this defect was cured by the subsequent indictment.

Our Supreme Court held in *Commonwealth v. Krall*, 452 Pa. 215, 219, 304 A.2d 488, 490 (1973), that, "[i]t has long been the law in this and in other jurisdictions that 'the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant.' 41 Am. Jur. 2d, *Indictments and Informations*, §18, at 891 (1968)."

Appellant argues that an exception to the rule is mandated because the police action in this case was "flagrant". With this we cannot agree. While the arrest *may* have been illegal, this would be so because the misdemeanor was not committed in the officer's presence, and not because of improper conduct on the part of the police officer in making the arrest. Appellant was informed of his constitutional rights and was not mistreated. We are not constrained to call such an illegal arrest "flagrant".

Appellant also argues that the indictment could not cure the illegal arrest because he had presented his ap-

---

2. This provision was recently amended by the Act of July 20, 1974, P.L. 522, No. 177, §2 (Purdon's Leg. Serv. 1974 at 509), which changes §1204(a) to allow "[a] peace officer ... upon probable cause without a warrant [to] arrest any person violating section 1037 of this act [driving under the influence] in cases causing or contributing to an accident."

plication to dismiss before the indictment, thus preserving this point. However, the application was not filed until *after* the preliminary hearing to determine if there was sufficient probable cause to bind the action over to court. From the holding in *Krall, supra,* it is clear that the proper place to challenge the validity of an arrest is before the authority who first determines probable cause, or in this case, before the magistrate. Once the local magistrate determined there was sufficient probable cause to hold appellant for court, ". . . it was not possible for appellant . . . to show . . . that his custody . . . was not based on a finding of probable cause made by a judicial officer." 452 Pa. at 221, 304 A.2d at 491. In addition, even if the magistrate had dismissed the action, the Commonwealth could have refiled the complaint using only evidence obtained before the arrest.[3] As that is precisely the evidence ultimately used by the Commonwealth, appellant has not been prejudiced.

Appellant is aware of this obstacle, and argues that *all* of the evidence, including the observations made by the officer before he placed appellant under arrest, must be suppressed. Appellant would have us hold that the arrest in the present case occurred when the officer first approached appellant. We find this contention totally untenable. In our recent case of *Commonwealth v. Kloch,* 230 Pa. Superior Ct. 563, 327 A.2d 375 (1974), we dealt with this exact question.

> " 'An arrest may be accomplished by any act that indicates an intention to take [a person] into custody and that subjects him to the actual control and will of the person making the arrest: 5 Am. Jur. 2d, Arrest, §1, p. 695.' *Commonwealth v. Bosurgi,* 411 Pa. 56, 68, 190 A.2d 304, 311 (1963). Appellant was not arrested until he was placed in the troopers' patrol

---

3. Pa.R.Crim.P. 115, renumbered Pa.R.Crim. P. 150 in September, 1973, effective January 1, 1974.

car. Prior to that time the troopers did nothing that subjected appellant to their control and will or indicated an intent to take appellant into custody. Rather, the troopers engaged in a course designed to determine whether there was a basis for holding appellant.

"It is true that appellant was not entirely free to leave before he was placed in the patrol car. As has been stated, the troopers intended to detain appellant at the time they walked up to his car. Their intention, however, arose from the fact that appellant was illegally parked. The odor of alcohol aroused their suspicions and gave them further cause for a brief detention of appellant. Brief detentions for investigatory purposes are constitutionally permissible where probable cause for a lawful arrest is lacking. Under *Terry v. Ohio, supra,* a police officer may stop a person if he observes specific instances of unusual and suspicious conduct on the part of the person that reasonably leads him to conclude that criminal activity is afoot. See *Commonwealth v. Hicks,* 434 Pa. 153, 158 and 160-161, 253 A.2d 276, 279 (1969)." 230 Pa. Superior Ct. at 573-574, 327 A.2d at 381-382.

It is clear that appellant was not under arrest at the time of the initial questioning, but was rather under arrest only when Officer Weikert so informed him. Here, there had been an accident and the initial observations of the officer led him to believe appellant may have been at fault. Appellant smelled of alcohol, had difficulty talking and standing, and could not immediately produce his operator's license. The facts support a finding that the officer's decision to detain appellant for brief investigatory purposes was lawful under *Terry v. Ohio,* 392 U.S. 1 (1968). The lower court suppressed all evidence accumulated after the arrest, and the Commonwealth proceeded to trial using only the information gathered by the initial investigation. On that evidence appellant was convicted.

We have often dealt with the problem of evidence accumulated after an illegal arrest for driving under the influence. *Commonwealth v. Quarles*, 229 Pa. Superior Ct. 363, 324 A.2d 452 (1974) ; *Commonwealth v. Jacoby*, 226 Pa. Superior Ct. 19, 311 A.2d 666 (1973) ; *Commonwealth v. Brown*, 225 Pa. Superior Ct. 289, 302 A.2d 475 (1973). In these cases the evidence suppressed had been the result of the blood alcohol test, and no mention was made of any evidence obtained as a result of the police investigation. We envision no reason to deviate from the established practice. The evidence was properly admitted.

Judgment of sentence is affirmed.

HOFFMAN, J., concurs in the result.