365 A.2d 1279

**COMMONWEALTH of Pennsylvania**

v.

**Ralph Thomas WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Nov. 22, 1976.

390

Francis C. Sichko, Washington, Court-appointed, for appellant.

Jess D. Costa, Dist. Atty., Fred J. Sentner, Asst. Dist. Atty., Washington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Ralph Thomas Walker, is one of five defendants involved in the robberies of four stores in or near the City of Washington, Pennsylvania, over a four-day period as follows: the Pic-Way Shoe Mart, January 10, 1975; Thorofare Market, January 13, 1975; Qwik'n Ezy Market, January 13, 1975; and the Gaydos PX Market, January 14, 1975. According to the testimony adduced at trial, appellant's involvement consists of entering the named stores with one of the other defendants and robbing the victims at gunpoint with appellant handling the gun.

On January 16, 1975, the police arrested one Donald Johnson as one of the participants in one of the robberies. After Johnson was arraigned and released on bond, he returned to the Pennsylvania State Police Barracks and made a voluntary signed statement of admission which also implicated appellant, Ralph Thomas Walker. That same evening appellant was arrested without a warrant at the home of his step-father. Subsequently, appellant was arraigned before a magistrate, held for court in the Washington County Jail, and was indicted by the Grand Jury on March 5, 1975. At his trial which commenced on June 23, 1975 and ended on June 25, 1975, the jury found appellant guilty on all four counts of robbery. After post-trial motions were filed and denied, appellant was subsequently sentenced to not less than four years nor more than ten years for each count of robbery with said sentences running consecutively, so that the aggregate term was not less than sixteen years and not more than forty years.

On direct appeal from judgment of sentence appellant raises three issues, none of which merit reversal. First, appellant contends that the verdict was against the weight of the evidence. He bases this argu-

392

ment on an alibi defense he presented at trial. His alibi witness, Miss Lagarah Hue, gave testimony that she and appellant did not arrive in the Pittsburgh area until Monday, January 13, 1975, and did not arrive in Washington, Pennsylvania, until after midnight of that date. Two Continental Trailways bus tickets were entered into evidence dated January 13, 1975 from Buffalo, New York, to Pittsburgh, Pennsylvania. On the strength of this evidence, appellant argues that it was "clearly" shown that he was not present at three of the robberies and that the evidence only places him in Washington, Pennsylvania, on January 14, 1975, the day of only one of the robberies. Appellant further complains that the Commonwealth did not produce evidence to rebut either his alibi witness or the evidence of the two bus tickets. Appellant's arguments have no merit as the Commonwealth is not required to rebut every specific piece of evidence introduced under an alibi defense. However, the Commonwealth did produce the victims of three of the four robberies who identified appellant as the person who had robbed them at gunpoint. The Commonwealth also produced an accomplice, Leslie Collins, who testified that appellant in fact participated in all four of the robberies. The jury was not required to believe appellant's alibi witness, nor the supporting evidence of the two bus tickets. The jury can believe all, some or none of the testimony of any witness, *Commonwealth v. Reid*, 448 Pa. 288, 292, 292 A.2d 297 (1972); *Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970). The burden of the Commonwealth is to present evidence that the defendant was present at the scene of the crimes charged. This it did with sufficiency to prove appellant's presence beyond a reasonable doubt. The fact that the jury chose to believe the Commonwealth's evidence and disbelieve appellant's alibi defense is certainly not grounds for reversal. See *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959).

Secondly, appellant contends that his arrest was illegal in that no arrest warrant was produced, nor was there probable cause [1] to make an arrest without a warrant.

Assuming for the purpose of discussion only that appellant's arrest was illegal because no warrant was produced, appellant's objection, entered for the first time at trial, comes too late to require relief. Furthermore, since it is not contended that any evidence was gathered as a result of the arrest, it is not at all clear what relief appellant seeks. In any event, in *Commonwealth v. Bruno*, 203 Pa.Super. 541, 549, 201 A.2d 434, 437 (1964), this court decided the effect of an illegal arrest under these circumstances as follows:

> "Even though a defective information is subject to review on a question of jurisdiction of the case or subject matter if brought in timely fashion, an indictment found regularly upon examination of witnesses will operate to correct any jurisdictional, as well as procedural, defects and irregularities in the information, warrant and proceedings before a magistrate. *Commonwealth v. Brennan*, 193 Pa. 567, 44 A. 498 (1899). Furthermore, it is well settled that the defects and irregularities in the information, warrant and proceedings aforesaid are waived by pleading to the indictment and going to trial. *Commonwealth ex rel. Lockhart v. Myers*, 193 Pa.Super. 531, 165 A.2d 400 (1960), cert. denied, 368 U.S. 860, 82 S.Ct. 102, 7 L.Ed. 2d 57."

Accordingly, regardless of the illegality of the arrest, whether on a defective information or indeed where

---

1. Our disposition of the arrest issue alleviates the need to discuss probable cause for the arrest since the magistrate who bound appellant over for court action determined that a prima facie case was made out. Pa.R.Crim.P., Rule 143. As to probable cause, see *Commonwealth v. Kenny*, 449 Pa. 562, 567, 297 A.2d 794 (1973); Contra, *Commonwealth v. Jones*, 457 Pa. 423, 427, 322 A. 2d 119 (1974); *Commonwealth v. Richman*, 458 Pa. 167, 172, 320 A.2d 351 (1974) (exigent circ. required).

there is complete absence of any information, the committing magistrate and subsequently the court, have jurisdiction over the person of the defendant. *Commonwealth v. Bruno,* supra; *Commonwealth ex rel. DiDio v. Baldi,* 176 Pa.Super. 119, 106 A.2d 910 (1954).

As stated in *Commonwealth ex rel. DiDio v. Baldi,* supra:

> "[T]he illegal arrest did not affect the power of the magistrate to conduct a preliminary hearing and to commit appellant for action by the grand jury. Appellant concedes that the defect of which he complains could have readily been cured by the issuance of a warrant after the information was made. The only purpose served by a warrant is to bring the defendant before the magistrate.
>
>      \*       \*       \*       \*       \*       \*       \*       \*
>
> "As early as 1851, it was held by the Supreme Court in *Dows'* Case, *In re Dows,* 18 Pa. 37, that a defendant was not entitled to discharge because of the mode of his original arrest. Mr. Chief Justice Gibson said that 'want of authority for the prisoners arrest cannot protect him from prosecution'. It should also be noted that the federal cases have uniformly followed the principle that acquisition of jurisdiction by forcible abduction, irregular extradition, or illegal arrest, does not constitute a violation of due process. *Ker v. Illinois,* 1886, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; *Mahon v. Justice,* 1888, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; *Pettibone v. Nichols,* 1906, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148; and *Frisbie v. Collins,* 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541."

These principles have been recently reaffirmed in the case of *Commonwealth v. Krall,* 452 Pa. 215, 304 A.2d 488 (1973) where Justice Pomeroy stated, inter alia,

> "The complaint is solely that the appellant himself was never properly and legally before the court. What ap-

pellant seeks, in effect, is suppression of his very person.[2] This we decline to do.

\*    \*    \*    \*    \*    \*

"It has long been the law in this and in other jurisdictions that 'the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant.' 41 Am.Jur.2d, Indictments and Informations § 18, at 891 (1968)." [3]

The following footnote appearing in the *Krall* decision, supra, does, however, indicate how an unlawful arrest would affect a defendant who is being held in custody *prior* to an independent magisterial determination of a prima facie case:

"8 J. Wm. Moore, Moore's Federal Practice para. 4.02 (Determining the Legality of Arrest), at 4–11: 'Are there any consequences of unlawful arrest, apart from the suppression of evidence obtained thereby? Pending the filing of an indictment, a defendant in custody as a result of an unlawful arrest may procure his release by a writ of habeas corpus.[4] But an unlawful arrest does not ordinarily affect the legality of an indictment or information thereafter filed against the defendant.' " [5] *Id.* at 220, n. 4, 304 A.2d at 490.

Lastly, appellant contends that the lower court abused its discretion by imposing consecutive sentences

**2.** It has not been alleged that any evidence obtained by the police was the fruit of an unlawful arrest. Cf. *Betrand Appeal,* 451 Pa. 381, 303 A.2d 486 (1973); *Commonwealth v. Brown,* 451 Pa. 395, 301 A.2d 876 (1973); *Commonwealth v. Bishop,* 425 Pa. 175, 228 A.2d 661 (1967).

**3.** *Accord, Commonwealth v. Mills,* 235 Pa.Super. 173, 177, 340 A. 2d 900 (1975).

**4.** *Commonwealth v. Bruno,* supra; *Commonwealth v. Hunsicker,* 189 Pa.Super. 63, 149 A.2d 584 (1959).

**5.** See Pa.R.Crim.P., Rule 115.

totalling a minimum term of not less than sixteen years and a maximum of not more than forty years based upon the four counts of robbery. While the sentence fixed by the court below is admittedly a severe one, it is not excessive. Robbery is a felony of the first degree and, as such, it is punishable by a fine not to exceed $25,000 (18 Pa.C.S. 1101), and/or imprisonment for a term not to exceed twenty years. (18 Pa.C.S. 3701). Thus, appellant could have been sentenced consecutively to a total of not less than forty years and not more than eighty years on these four separate counts of robbery (i. e., ten to twenty years on each count). It is clear, therefore, that appellant's sentence was within the statutory limits. While it is true that appellant is the only one of the five defendants who exercised his constitutional right to stand trial rather than plead guilty, this in no way explains the disparity of sentences received by these defendants as appellant would have us believe. Unlike the case of *Commonwealth v. Staley*, 229 Pa.Super. 322, 324 A.2d 393 (1974), the sentencing judge in the instant case never indicated or even intimated that he was going to impose a more severe sentence because appellant had not pleaded guilty. The sentencing judge was influenced, however, with the relevant facts of record that appellant was the only defendant involved in all four robberies in that in each robbery it was appellant who wielded the gun. Moreover, other factors taken into consideration by the sentencing judge confirm that the sentence imposed was not manifestly excessive and not an abuse of discretion. *Commonwealth v. Riggins*, 232 Pa.Super. 32, 332 A.2d 521 (1974). A presentence report was conducted of appellant establishing numerous previous convictions which appellant explained were associated to his drug addiction and mental problems. His prior convictions involved several larcenies, a burglary, and two parole violations. Then, in March of 1972, he was sentenced by the Court of Common Pleas of Allegheny County on an armed rob-

bery conviction to serve three to ten years in Western Penitentiary, and it was during his failure to return on a furlough from that institution [6] that these four armed robberies were committed. In light of these surrounding circumstances the sentencing judge's broad discretion in imposing sentence should not be disturbed. *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971).

Judgment affirmed.

[6]. Although decided above on the other grounds, we have serious doubts as to whether appellant, in the status of an escapee, can complain at all regarding the manner of his arrest. See, *State v. Keith,* 86 Wash.2d 229, 543 P.2d 235, 236 (1975); *People v. Villareal,* 262 Cal.App.2d 438, 68 Cal.Rptr. 610, 616 (1968).