146

523 A.2d 817

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gloria LEWIS.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1986.

Filed April 7, 1987.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellant.

Jeremiah F. Kane, Assistant Public Defender, Yardley, for appellee.

Before BROSKY, BECK and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by the Commonwealth from the Order of the Court of Common Pleas of Chester County dismissing a complaint issued against the appellee, Gloria Lewis, as violative of Pa.R.Crim.P. 130(d). We reverse.

The facts are not in dispute and reveal that the appellee was charged with driving while under the influence of alcohol (in violation of 75 Pa.C.S. § 3731(a)(1), (4)) on Au-

gust 1, 1984. However, she was not held in custody, but was, instead, released as permitted by Rule 130(b). A complaint was filed on August 10, 1984, followed by a preliminary hearing on September 12, 1984, resulting in the appellee being held for court.

Thereafter, on January 29, 1985, the appellee was admitted to the Accelerated Rehabilitative Disposition program. However, on April 1, 1986, the appellee was removed therefrom for violating its requirements, i.e., she was convicted in June of 1985 in Delaware County of driving while intoxicated—a thirty-day prison sentence, to be served on weekends, was imposed.

On May 9, 1986, counsel for the appellee submitted an Application to Dismiss Criminal Complaint. Therein, counsel alleged that the arresting officer's failure to file the 1984 complaint within five (5) days of the appellee's release required a dismissal of the charges as violative of Rule 130(d), which reads, in pertinent part, that "[w]hen a defendant is released pursuant to paragraph[ ] (b) ..., a complaint shall be filed against the defendant within five (5) days of the defendant's release."

After a hearing was held on the Application, the lower court dismissed the complaint for the Commonwealth's failure to establish due diligence in the prosecution of the appellee, i.e., the filing of the complaint five (5) days after the mandatory period had expired was held to be in contravention of Rule 130(d). As for the sole officer on the police force, who happened to be employed just part-time, recounting that his full-time job and the back log of other police paperwork hampered his efforts to issue the complaint sooner than he did, this was not considered by the lower court to be evidence of due diligence under *Commonwealth v. Hatcher*, 345 Pa.Super. 481, 498 A.2d 925 (1985). This timely appeal followed.

In light of our disposition in the case at bar, we find it necessary to address only one of the five (5) issues raised

for our consideration, i.e., whether the allegation of a Rule 130 violation was properly preserved for appellate review.

 We start by observing that under Rule 150, a defendant is not entitled to discharge or to have the case against him dismissed unless a defect as to any of the procedures set forth in Chapter 100 covering "Court Cases", which is applicable to the case instantly, is raised *before* the conclusion of the preliminary hearing. This Court reached a similar conclusion in *Commonwealth v. Schimelfenig*, 361 Pa.Super. 325, 522 A.2d 605 (1987) (en banc).[1] Nonetheless, because the discussion on the waiver issue was limited in form, we take this occasion to elaborate on the basis for such a time-honored requirement to preserve one's claim for post-trial or appellate review.

The requirements that a timely objection to improprieties, whether they be procedural or substantive, be lodged at the earliest possible point in the judicial process would seem to have been entrenched in the law since *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), wherein our Supreme Court held that basic and fundamental errors were not automatically subject to review on appeal if they were not first preserved by specific and timely objections at trial. The *Dilliplaine* rationale has been applied to the failure to properly preserve trial errors in criminal matters as well. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). In fact, Justice Pomeroy wrote in a

1. In fact, a determination in the instant case was held in abeyance until *Schimelfenig* was filed.

It requires mention that this Court in *Schimelfenig* overruled its prior decisions in *Commonwealth v. Press*, 342 Pa.Super. 507, 493 A.2d 705 (1985) (allocatur granted) and *Commonwealth v. Revtai*, 343 Pa.Super. 149, 494 A.2d 399 (1985) (allocatur granted), both of which approved a dismissal of charges for non-compliance with the time-requirement of Rule 130(d).

Presently, premised upon *Schimelfenig's* re-examination of the case law and the applicable Rules of Criminal Procedure, one seeking a dismissal of charges under Rule 130(d) must show how he/she has been "prejudiced" by a delay in not having a complaint filed within five (5) days of his/her release pursuant to paragraphs (b) or (c) of Rule 130.

150 

concurring opinion, joined by then Chief Justice Jones and Justice Eagen, that "to preserve issues for appellate review [one must do so] by the appropriate means at trial *and intermediate stages.*"[2] *Commonwealth v. Mitchell,* 464 Pa. 117, 127–28 n. 1, 346 A.2d 48, 54 n. 1 (1975) (Emphasis added). On the policy reasons behind such a requirement see *Tagnani v. Lew,* 493 Pa. 371, 376, 426 A.2d 595, 597 (1981).

We do not see why the principle enunciated in *Dilliplaine* should be skewed to benefit the appellee here. To do so would undermine the whole precept of affording the jurist initially deciding the matter the first opportunity to remedy any defect, whether they be substantive or procedural in nature. Cf. *Commonwealth v. Brown,* 234 Pa.Super. 119, 124, 338 A.2d 659, 661 (1975) (Dissenting Opinion by Hoffman, J.) ("The thrust of *Clair* is the idea that the trial judge must be given an opportunity to rectify errors at the time they are made: ' "[A] party may not remain silent and take chances on a verdict and afterwards complain[ ] of matters which, if erroneous, the Court would have corrected." ' " (Citations omitted)). By postponing the resolution of the perceived defect until later on in the judicial process benefits neither the defendant nor the system looked to by the citizenry to be expeditious and just.

2. See also the Dissenting Opinion of Justice Hutchinson in *Kindle v. State Board of Examiners,* 512 Pa. 44, 515 A.2d 1342 (1986), joined by Chief Justice Nix and Justice Flaherty, and written in response to the lead, plurality opinion excusing the appellee's failure to preserve an issue by not raising it at an administrative disciplinary proceeding. Justice Hutchinson wrote unabashedly, in favor of finding waiver, that: "... we should not allow the parties to avoid the general principle that all issues must be raised at the earliest possible time to avoid waiver." 512 Pa. at 57, 515 A.2d at 1349.

It is to be noted that the lead, plurality opinion would have found waiver but for its conclusion that the preservation requirement had been made applicable to administrative proceedings only after the *Kindle* case was appealed. Instantly, in contrast, the preservation requirement at the preliminary hearing stage was extant at least by the decision in *Commonwealth v. Mills,* 235 Pa.Super. 173, 340 A.2d 900 (1975), well before Ms. Lewis was charged and a hearing conducted.

Moreover, the concept of preserving issues for appellate review has gone through an evolutionary process (see *Dilliplaine* and its progeny), which presently appears to be in an era of stability with regard to the specificity and timeliness of objections necessary to preserve matters for review. See, e.g., *Commonwealth v. Rounds*, 510 Pa. 524, 510 A.2d 348 (1986); *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983) (en banc).

Furthermore, there is evidence that the penchant for timely objections for preservation purposes, and the dire consequences in their absence, is not of recent vintage. For example, in *Commonwealth v. Mills*, 235 Pa.Super. 173, 340 A.2d 900 (1975) a defendant was tried by a jury and found guilty of operating a motor vehicle while under the influence of intoxicating liquor.

A further examination of the facts in *Mills* reveals that the defendant was held for court following a preliminary hearing. His pretrial motion to suppress was granted, but his application to dismiss the action was denied. On appeal, the accused asserted that his illegal arrest, which was assumed for argument purposes, could not be cured by the filing of the indictment. The disposition of this contention is instructive; viz.:

> Appellant also argues that the indictment could not cure the illegal arrest because he had presented his application to dismiss before the indictment, thus preserving this point. However, the application was not filed until after the preliminary hearing to determine if there was sufficient probable cause to bind the action over to court. From the holding in [*Commonwealth v.*] *Krall*, [452 Pa. 215, 304 A.2d 488 (1973)], it is clear that the proper place to challenge the validity of an arrest is before the authority who first determines probable cause, or in this case, before the magistrate. Once the local magistrate determined there was sufficient probable cause to hold appellant for court, "... it was not possible for appellant to show ... that his custody was not based on a finding of

probable cause made by a judicial officer." 452 Pa. at 221, 304 A.2d at 491.

235 Pa.Super. at 177–78, 340 A.2d at 903. What could be more *substantive* in the continuum of law than an unlawful arrest. Yet, the *Mills* Court held this defect (illegal arrest) could be cured by the subsequent filing of an indictment. It is as if the defendant acquiesced to the impropriety—delay. Compare *Commonwealth v. Donaldson*, 334 Pa.Super. 473, 483 A.2d 549 (1984) (en banc), allocatur denied.

■ In like fashion, we find that the appellee's failure to object to the timeliness of the filing of the complaint by the officer renders the contention waived. *Mills, supra;* see also *Commonwealth v. Howard*, 233 Pa.Super. 496, 335 A.2d 489 (1975) (Alleged violation of Sixth Amendment right waived for failing to argue it in post-trial motions); *Commonwealth v. Abruzzese*, 231 Pa.Super. 157, 331 A.2d 821 (1974) (Appellant's failure to raise the issue of double jeopardy prior to the trial precluded the appellate court from considering this allegation of error).

Ms. Lewis was present during the preliminary hearing in which a prima facie case of intoxication was proven. Thereafter, she was placed on and received the benefits of the A.R.D. program (e.g., not having to endure the degradation of imprisonment). It was over a year and a half (20 months) before any hint of an objection as to what transpired at the district magistrate's hearing was lodged, and, as noted previously, the matter surfaced only following the appellee's removal from the A.R.D. program.

In toto, to sanction the appellee's inaction would be to give no more than lip-service to our rules relating to the preservation of issues for scrutiny on appeal. Thus, the appellee, having delayed in acting to bring to light for the district magistrate's remedial efforts the non-adherence with Rule 130(d), will not be heard to complaint now. *Mills*, supra; *Brown*, supra; *Abruzzese*, supra; Rule 150.

Order reversed. Jurisdiction is not retained.