**Stanford v. Moore**

*Dora R. Garcia and Jeffry S. Pearson,* for plaintiffs
*Philip A. Ryan,* for defendants

OVERTON, *J.,* March 14, 2013—

## MEMORANDUM OPINION PURSUANT TO Pa. R.A.P. 1925(b)

This matter is before the appellate court in response to the order reproduced below, issued on December 10, 2012.

Upon due consideration of the post-verdict motions of plaintiff, and any response thereto, it is hereby ordered that the motions are denied.

Roger Stanford & Edith Stanford filed an appeal.

### FACTS

Brian Moore (hereinafter "defendant") testified that on November 3, 1997, he was traveling on Southbound Interstate 95 and that due to heavy traffic (and to avoid sitting in it) he decided to follow several other cars and that he saw were backing down the Interstate 95 entrance ramp. (N.T. 11/20/2012 at p. 55-56).

Once at the bottom of the entrance ramp, he made a three-point turn after he saw the car in front of him do it. He then waited behind that car to cross Bartram Avenue. Once the car in the front of him started to cross he immediately followed behind. However, the car in front of the defendant stopped and started to reverse and at that point the defendant had nowhere to go because there was a car behind him. (N.T. 11/20/2012 at p. 58). The defendant's car was positioned in a way in which it completely blocked one of the northbound lanes on Bartram Avenue and partially blocked the other. The defendant testified that

he did not see Rodger Stanford's (hereinafter "appellant") car as it approached. He only heard the screeching from the breaks and when he looked to his left the appellant's car collided with his. (N.T. 11/20/2012 at p. 59-60).

The appellant testified that the time period from when the car in front of the defendant crossed the northbound lanes of Bartram Avenue to the time when the defendant attempted to cross the northbound lanes was only matter of seconds. The appellant further testified that given the short period of time he did not have enough time to come to a complete stop to avoid the collision (N.T. 11/20/2012 at p. 77-78).

## PROCEDURAL HISTORY

On October 19, 1999, Rodger and Edith Stanford ("Appellants") filed a complaint for negligence and loss of consortium against defendants, Brian and Michele Moore ("defendants"). The appellants alleged that the defendant Mr. Moore's negligence was the cause of a car accident that occurred on November 3, 1997 in which appellant Mr. Stanford was injured.

On November 26, 2012, a jury returned a verdict in favor of the appellant Mr. Stanford for the amount of five thousand ($5000.00) dollars. On December 10, 2012, this court denied the appellants' post-trial motion. On January 9, 2013, appellants filed a timely appeal. Statements of matters complained of on appeal were requested and properly tendered on February 1, 2013. Appellants raised the following issues in its statement of matters

156

complained of on appeal pursuant to Pa. R.A.P. 1925 (b):

1. Under the facts, the law and the statements made by defendant Brian Moore, who admitted fault, a directed verdict should have been entered for the plaintiffs.

2. Under the facts and the law, no witness, not even the defense medical expert denied that plaintiff-husband was seriously injured in the accident.

3. The trial court erred and abused its discretion in allowing the issue of causation to go to the jury.

4. The trial court erred and abused its discretion in allowing the issue of liability to go to the jury.

5. The jury should have been charged as to assessment of damages only.

6. The trial court erred and abused its discretion in limiting the plaintiff's lost of consortium claim.

7. The trial court erred and abused its discretion in charging the jury with regard to a phantom vehicle where there was no evidence the phantom vehicle did anything to contribute to the accident.

8. The trial court erred in failing to sanction defendants for their discovery defaults. Despite court orders requiring that they do so, defendants failed to provide complete responses to plaintiff's discovery requests and failed to provide proper responses to the plaintiffs' supplemental expert witness discovery. In such

circumstances, sanctions should have been imposed against defendants.

9. The trial court erred in allowing defendants' medical expert to testify. Plaintiffs could not meaningfully participate in the videotaped deposition of this medical expert due to the defendants' failure to provide complete expert witness discovery or, alternatively, to produce the witness for preliminary interrogation on the subject matter of plaintiffs' interrogatories. This prejudice, occasioned by the defendants' discovery contempt, warranted preclusion of the testimony of defendants' medical expert.

10. The verdict was against the weight of the evidence, as the circumstances of the accident as testified to by the witnesses clearly demonstrated that plaintiff sustained serious permanent injuries as a result of the accident and was entitled to substantial damages.

11. The trial court erred in refusing to require the defense medical expert to produce records from his prior defense examinations, as this material was properly requested by plaintiffs in discovery.

12. The jury's verdict is contrary to the evidence and shocking the conscience in light of the serious and permanent nature of the plaintiff-husband's injuries such that a new trial limited to the issue of damages is required.

13. The trial court erred and/or abused its discretion

in precluding and/or limiting plaintiff-husband's wage loss evidence and his ultimate need to retire due to his injuries.

14. The trial court erred and/or abused its discretion in refusing to permit highway patrol officer Alvin Dill to testify regarding the scene of the accident; the reckless nature of the defendant's conduct, the demeanor of plaintiff at the scene of the accident and his complaints and the severity of his injuries, and his observations of the plaintiff's deteriorating condition over time.

15. The trial court erred in sending a verdict slip out with the jury that asked the jury to decide issues of liability and causation that had already been conclusively resolved against the defendant by the evidence.

16. The plaintiff-husbands injuries were serious, substantial, disabling and permanent and warranted a substantial verdict far in excess of the meager amount awarded by the jury.

This opinion is offered in response to said appeal.

## DISCUSSION

Appellants' claims are discussed in turn and are without merit.

*A. Whether, under the facts, the law, and the statements made by defendant Brian Moore, who admitted fault, a directed verdict should have been entered for the plaintiffs.*

Appellants' claim that under the facts, the law, and the statements made by defendant Mr. Moore, a directed verdict should have been entered for the appellants is without merit. "A directed verdict can properly be granted by a court only if the facts are clear and free from doubt. In ruling on a motion for directed verdict, a court must 'accept as true all facts and proper inferences which tend to support the contention of the party against whom the motion has been made and must reject all testimony and inferences to the contrary.' the outcome of the case." *Person v. C.R. Baxter Realty Co.*, 490 A.2d 910, 911 (Pa. Super. 1985).

Accepting as true all facts and proper inferences in favor of the defendants, this court determined that the facts regarding defendant Mr. Moore's alleged negligence were not clear and free from doubt. The appellants had the burden to prove that defendant Mr. Moore was negligent and that his negligence was a factual case in bringing about the alleged harm and damages to the appellants. There is evidence in the record that appellant Mr. Stanford testified in a previous uninsured motorist hearing that there was a phantom vehicle involved in this accident and that that vehicle was alleged to have caused the accident.[1] Accepting this as true, this evidence raises an issue with regard to the defendant Mr. Moore's negligence and whether it caused the alleged harm to the appellants. As result, a directed verdict would have been improper in this circumstance. Therefore, this claim is without merit.

1. See N.T. 11/20/12 at p. 132.

*B. Appellants' 2nd and 16th claims are insufficient to enable meaningful review.*

Appellants' 2nd and 16th claims are insufficient to enable meaningful review. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Comm. v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (citations omitted). Consequently, those issues contained in a vague Rule 1925(b) statement will be deemed waived on appeal. *Id.*

Appellants' claims are vague. In each claim the appellants fails to articulate a clear and concise alleged error by this court. Further, appellants appears to be attempting to re-argue factual determinations made by the jury. Therefore, these claims do not enable meaningful review and should be deemed waived.

*C. In claims 3, 4, 5 and 15 appellants alleged that the jury should only have been charged as to the assessment of damages and that this court erred and abused its discretion by allowing the issue of liability and causation to the jury.*

Appellants' claims appear to be built solely upon

their opinion that the evidence conclusively resolved the issues of liability and causation against the defendants. For the reasons stated above in section A, these claims are without merit. Further, appellants' opinion of what the evidence conclusively resolved is of no moment. It has been repeatedly held that "it is within the sole province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced." *Commonwealth v. Sample*, 468 A.2d 799, 803 (Pa. Super. 1983). Therefore, once this court decided that the facts regarding liability and causation were not clear and free of doubt to grant a directed verdict, it was then the task of the fact finder to make factual determination regarding those issues.

Thus, this court's determination to allow those issues to go to the jury was not an "overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality" as to amount to an abuse of discretion. *Commonwealth v. Flamer*, 53 A.3d 82, 86 (Pa. Super. 2012) (citation omitted). Therefore, these claims are without merit.

*D. Whether the trial court erred and abused its discretion in limiting the plaintiff's lost of consortium claim.*

Appellants' claim that this court erred and abused its discretion in limiting appellant Mrs. Stanford's lost of consortium claim is without merit. For reasons outside of this court's knowledge and control, appellant Mrs.

Stanford did not put forth any evidence to support a loss of consortium claim.[2] Appellant Mrs. Stanford's inaction was not a result of any order or direction from this court.[3] Therefore, this claim is without merit.

*E. Whether the trial court erred and abused its discretion in charging the jury with regard to a phantom vehicle where there was no evidence the phantom vehicle did anything to contribute to the accident.*

Appellants' claim that this court erred and abused its discretion in charging the jury with regard to a phantom vehicle where there was no evidence the phantom vehicle did anything to contribute to the accident is without merit. The record reflects that on December 16, 2002, appellant Mr. Stanford testified in a previous uninsured motorist hearing that there was a phantom vehicle involved and the phantom vehicle probably caused the accident and not defendant Mr. Moore. Taking that evidence into account, this court's determination to charge

---

2. "In a claim for loss of consortium, the losses alleged are personal to the uninjured spouse and arise from the deprivation of the injured spouse's society and services. It is well-settled that the claim is derivative, emerging from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities." *Darr Constr. Co., v. Workmen's Comp. Appeal Bd.,* 715 A.2d 1075, 1080 (Pa. 1998). Appellant Mr. Stanford testified regarding his injuries and the impact they had on him. However, given that a loss of consortium claim is separate and brought by the uninjured spouse, appellant Mrs. Stanford had the burden to put on evidence to show how her marriage privileges and amenities have been affected by appellant Mr. Stanford's injuries.

3. This court first mentioned the loss of consortium claim to appellants' counselor during the charging conference that occurred at the conclusion of closing arguments. Counsel was informed that the loss of consortium charge would not be given and counsel offered no objection. (N.T. 11/26/12 at p. 47).

the jury with regard to the phantom vehicle was not an "overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality" as to amount to an abuse of discretion. *Commonwealth v. Flamer*, 53 A.3d 82, 86 (Pa. Super. 2012) (citation omitted). Moreover, counsel for the parties agreed to the verdict sheet and inclusion of the phantom vehicle for apportionment pursuant to the comparative negligence statute. Therefore, this claim is without merit.

*F. Whether the trial court erred in failing to sanction defendants for their discovery defaults. Despite court orders requiring that they do so, defendants failed to provide complete responses to plaintiff's discovery requests and failed to provide proper responses to the plaintiffs' supplemental expert witness discovery.*

Appellants' claim that this court erred in failing to sanction defendants for their discovery defaults is without merit. Discovery matters are dealt with pretrial and in accordance with the case management directives established at the beginning of the case. Appellants' failed to file the appropriate pretrial motion or make an oral motion requesting any possible sanctions in this matter. Therefore this claim is without merit.

*G. Whether the trial court erred in allowing defendants' medical expert to testify. Plaintiffs could not meaningfully participate in the videotaped deposition of this medical expert due to the defendants' failure to provide complete*

*expert witness discovery or, alternatively, to produce the witness for preliminary interrogation on the subject matter of plaintiffs' interrogatories.*

This claim is without merit and should be deemed waived. Appellants' failed to object during trial to the videotaped deposition of the defendants' medical expert. It is well settled in Pennsylvania that an appellant must make a timely objection to improprieties to preserve one's claim for post-trial or appellate review. *Comm. v. Lewis,* 523 A.2d 817 (Pa. Super. 1987). Therefore, this claim is without merit.

*H. In claims 10 and 12 the appellant appears to be challenging the weight of the evidence.*

"The general rule in this Commonwealth is that a weight of the evidence claim is primarily addressed to the discretion of the judge who actually presided at trial. [T]he authority of the trial judge to upset a verdict premised upon a weight claim is narrowly circumscribed. A trial judge cannot grant a new trial "because of a mere conflict in testimony." *Armbruster v. Horowitz,* 813 A.2d 698, 702 - 3 (2002) (citation omitted). Instead, "a new trial should be granted only in truly extraordinary circumstances, i.e., 'when the jury's verdict is *so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Id.* at 703 (emphasis original) (citation omitted).

As stated, this court's authority to upset a jury's verdict

is narrowly circumscribed. While there is conflicting testimony on whether there actually existed a phantom vehicle, that alone cannot be a basis for this court to grant a new trial. Further, while the appellants may believe that Mr. Stanford's injuries were substantial, that was a factual determination to be made by the finder of fact. This case is not one where the appellant Mr. Stanford put forth uncontroverted evidence regarding the nature and extent of his injuries. Both, the appellants and defendants presented expert medical testimony to support their respective positions regarding appellant Mr. Stanford's injuries. It was then the jury's job to weigh that evidence as they deemed appropriate.[4] Thus, the jury's verdict was not so contrary to the evidence as to shock one's sense of justice. Therefore, this claim is without merit.

*I. Whether the trial court erred in refusing to require the defense medical expert to produce records from his prior defense examinations, as this material was properly requested by plaintiffs in discovery.*

For the reasons stated above in section F, this claim is without merit.

*J. Whether the trial court erred and/or abused its discretion in precluding and/or limiting plaintiff husband's wage loss evidence and his ultimate need to*

---

4. "[I]t is within the sole province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced." *Commonwealth v. Sample*, 468 A.2d 799, 803 (Pa. Super. 1983) (emphasis added).

*retire due to his injuries.*

Appellants' claim that this court erred and/or abused its discretion in precluding and/or limiting plaintiff husband's wage loss evidence is without merit. Appellant Mr. Stanford testified at some length regarding his employment history and past salary.[5] This evidence was presented uninterrupted by this court or by the defendants via objection. Therefore, this claim is without merit.

*K. Whether the trial court erred and/or abused its discretion in refusing to permit highway patrol officer Alvin Dill to testify regarding the scene of the accident; the reckless nature of the defendant's conduct, the demeanor of plaintiff at the scene of the accident and his complaints and the severity of his injuries, and his observations of the plaintiff's deteriorating condition over time.*

Appellants' claim that this court erred and/or abused its discretion in refusing to permit highway patrol officer Alvin Dill to testify regarding the scene of the accident; the reckless nature of the defendant Mr. Moore's conduct, the demeanor of appellant Mr. Stanford at the scene of the accident and his complaints and the severity of his injuries, and his observations of the plaintiff's deteriorating condition over time is without merit.

It should be made clear that appellants' reason for wanting to call Office Dill to testify as stated in his

---

5. See N.T. 11/20/12 at p. 69-108.

1925(b) statement is different than appellants' counsel reason for wanting to call Office Dill offered at trial. At trial, appellants' counsel stated to this court that Office Dill was being called to testify as to what he heard the defendant Mr. Moore say at the scene of the accident, to reinforce the idea that the defendant Mr. Moore admitted fault to the responding officer.[6] This reason is the one in which this court made its determination on. Appellants' position in their 1925(b) statement was never presented to this court, thereby effectively waiving this claim.[7]

Further, for the sake of argument, this court's determination to prevent Office Dill from testifying, based on appellants' counsel's rationale offered at trial, was not an abuse of discretion. The decision of whether or not to admit evidence is committed to the sound discretion of the trial court and will only be reversed upon a showing that the trial court clearly abused its discretion in admitting evidence. *See Commonwealth v. Kennedy*, 959 A.2d 916, 923 (Pa. 2008) (Citing *Commonwealth v. King,* 721 A.2d 763, 772-773 (1998)). "An abuse of discretion is not merely an error in judgment, but an 'overriding misapplication of the

---

6. See N.T. 11/20/12 at p. 67.

7. It is also questionable whether Officer Dill would have been in a position to testify regarding the things the appellant now argues in his 1925(b) statement. As the second officer on the scene and not a witness to the accident, any testimony by Office Dill regarding the alleged reckless nature of the defendant's conduct would have been completely speculative. Further, there was no offer of proof that Officer Dill was qualified to make an opinion, as a police officer, regarding the appellant's deteriorating condition over time.

law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record." *Commonwealth v. Flamer*, 53 a.3d 82, 86 (Pa. Super. 2012) (citation omitted).

In addition, it should be made clear that Officer Dill was not the responding officer nor did he prepare any reports. As counsel for the appellants stated, Office Dill's testimony would have served to reinforce what defendant Mr. Moore said to the responding officer regarding the cause of the accident. Testimony from Officer Dill regarding the conversation between defendant Mr. Moore and the other officer or regarding that other officer's reports would have been hearsay not subject to any exception to the rule. If the appellants sought to have defendant Mr. Moore's conversation with the responding officer or that officer's report introduced, the appellants could and should have called that officer to testify. Therefore, this court's determination to not allow Officer Dill to testify was not "an overriding misapplication of the law, law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality." *Id.*

## CONCLUSION

The court's order dated December 10, 2012, denying appellants' post-trial motion should be affirmed.