460 A.2d 1091

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gregory BALLARD, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 25, 1983.

Decided May 27, 1983.

Andrew Gay, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Maureen Brennan, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT:

LARSEN, Justice.

On January 18, 1980, appellant, Gregory Ballard, was convicted by a jury of murder of the third degree. Motions for a new trial and arrest of judgment were denied, and appellant was sentenced to a prison term of five to ten years. This direct appeal followed.

Appellant first contends that the evidence presented by the Commonwealth at his preliminary hearing was insufficient to establish a prima facie case against him, and thus he should be discharged.

At the conclusion of appellant's preliminary hearing on May 10, 1979, the Honorable Alan Silberstein of the Municipal Court of Philadelphia found that the Commonwealth had presented sufficient evidence to establish a prima facie case against appellant and ordered that appellant be held for court. On May 14, 1979, the District Attorney filed an information against appellant. On May 18, 1979, appellant filed a Writ of Habeas Corpus[1] with the common pleas court, raising the singular contention that the evidence presented by the Commonwealth at his preliminary hearing was insufficient to establish a prima facie case against him. On June 22, 1979, a hearing was held before the Honorable George J. Ivans and the Writ of Habeas Corpus was denied.

1. Although appellant incorrectly styled this application as a Motion to Quash, it will be treated as a Writ of Habeas Corpus. *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975).

A finding at a preliminary hearing that sufficient evidence exists to require a defendant to stand trial is not subject to review if there has been a subsequent independent judicial judgment that there is sufficient evidence to require the defendant to stand trial. *See Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980); *see Commonwealth v. Krall,* 452 Pa. 215, 304 A.2d 488 (1973). Pursuant to his Writ of Habeas Corpus, appellant received an independent judicial judgment concerning whether there was sufficient evidence to require him to stand trial. Consequently, appellant's first contention will not be reviewed by this Court.

Appellant next contends that the suppression court erred by not suppressing Commonwealth witness, Jessica Reddish's photographic identification of appellant. Appellant argues that the Commonwealth did not prove that the photographic array exhibited at the suppression hearing was the same array originally shown to Jessica Reddish. Since appellant failed to object to the admission into evidence of this photographic array at the suppression hearing, this contention is waived. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

Appellant next contends that the trial court erred in admitting hearsay testimony of two police officers. At trial two police officers testified that Jessica Reddish had identified appellant in a photographic array.

Testimony by a police officer concerning acts of pretrial identification by a witness is admissable, where the identifying witness is present in court and subject to cross-examination. *Commonwealth v. Dean,* 300 Pa.Super. 86, 445 A.2d 1311 (1982). Since Jessica Reddish was present in court and subject to cross-examination, this contention is without merit.

Finally, appellant contends that the trial court erred in its charge to the jury. Since appellant failed to object to any portion of the trial court's charge, either during or after

234

the charge, this issue is waived. *Commonwealth v. Clair, supra.*

Accordingly, the judgment of sentence is affirmed.

NIX, J., concurs in the result of this opinion.

FLAHERTY, J., files a concurring opinion.

FLAHERTY, Justice, concurring.

It is not the law of this Commonwealth that a conviction may stand where an element of the case, in this case identity, is not established by competent evidence. "Fundamental due process requires that no adjudication be based solely upon hearsay evidence." *Com., Unemployment Comp. Bd. v. Ceja*, 493 Pa. 588, 619, 427 A.2d 631, 647 (1981) (Mr. Justice Flaherty, concurring). Undeniably, the police officer's testimony regarding Miss Reddish's identification of appellant was hearsay, which does not come under any recognized exception to the hearsay rule. In my view, the out-of-court declarant's presence in the courtroom is of no moment, as it is the Commonwealth's burden, in a criminal trial, to prove, by competent evidence, all the elements of the crime charged beyond a reasonable doubt. Nevertheless, on this record, where there was ample competent identification testimony, the error was harmless beyond a reasonable doubt. Thus, I concur in the result.