510 A.2d 348

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles Alden ROUNDS, Sr., Appellee.**

Supreme Court of Pennsylvania.

Argued March 7, 1986.

Decided June 4, 1986.

---

Michael J. Veshecco, Dist. Atty., Ernest J. DiSantis, Jr., Asst. Dist. Atty., Erie, for appellant.

Robert E. McBride, (Court-appointed), Erie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On November 21, 1983, Charles Alden Rounds, Sr. (hereafter, appellee) was convicted, by a jury, of involuntary deviant sexual intercourse. The victim was appellee's retarded son, who was 15 years old at the time of the incidents, but had a mental age of 9–10 years. On at least

three separate occasions, ostensibly while checking for lice, appellee subjected his son to acts of anal and oral intercourse.

■ After his conviction, appellee's motion for arrest of judgment or for new trial was denied. On April 2, 1984, appellee was sentenced to 28–56 months of imprisonment and fined $100. Appellee appealed to Superior Court and on May 3, 1985, by a memorandum opinion, 345 Pa.Super. 621, 496 A.2d 854 appellee's judgment of sentence was vacated and appellee was awarded a new trial on the grounds of the trial court's failure to give the jury cautionary instructions about the testimony of two of the appellant's, Commonwealth of Pennsylvania's, (hereafter, Commonwealth) witnesses. The testimony in question was that of Jeffrey Adams (a friend of the victim) and Pamela Millspaw (a teacher of the victim). The witnesses testified that the victim confided in them concerning his father's sexual advances toward him. The Superior Court found that the testimony was admissible to corroborate the victim's testimony. We agree. *See, Commonwealth v. Cruz,* 489 Pa. 559, 414 A.2d 1032 (1980). However, the Superior Court also found that it was "mandatory" that the trial court give a cautionary instruction to the jury that the testimony was admissible only to corroborate the victim's testimony and not for its substantive value.

At trial, the victim was the first to testify to the events. On cross-examination, appellee's attorney attempted to establish that the victim had been "influenced" or "given advice" about the substance of his testimony. Appellee's attorney also attempted to establish that the victim harbored ill will toward appellee by questioning whether the victim was "happy" living with him. The purpose of this line of questioning was to establish that the victim was lying.

The Commonwealth, in response, called the aforementioned two witnesses to testify to corroborate the victim's present testimony by testifying to his prior consistent statements to them. Appellee's hearsay objections to both of these witnesses were overruled. No other objection to or

request concerning the purpose of the testimony was made at this time by appellee.

At the end of the trial, the judge charged the jury with the applicable law. No cautionary instruction was given concerning the limited purpose of the testimony of Adams and Millspaw. Appellee neither requested any instruction nor objected to the jury charge after it was given.

Appellee's post-trial motions, among other claims, made a general allegation of trial error by alleging that the testimony of Adams and Millspaw was inadmissible because it was hearsay.

Initially, Rule 1119(b), Pa.R.Crim.P. provides, "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate...." Appellee made no such specific objection.

Rule 302, Pa.R.A.P., provides:

**Rule 302. Requisites for Reviewable Issue**

(a) **General rule.** Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.

(b) **Charge to jury.** A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.

In *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), this Court (by then Justice, now Chief Justice, Nix) held that allegations of basic and fundamental error would no longer serve to enable parties in criminal matters to seek reversal based on alleged errors not properly raised below. *Clair* has been consistently followed. *See, e.g. Commonwealth v. Cruz, supra; Commonwealth v. Berrios*, 495 Pa. 444, 434 A.2d 1173 (1981); *Commonwealth v. Ballard*, 501 Pa. 230, 460 A.2d 1091 (1983).

■ In light of Rule 1119(b), Pa.R.Crim.P., Rule 302, Pa.R.A.P. and *Clair*, appellee has waived the issue of the cautionary instruction to the jury by his failure to raise this issue in the trial court.

The order of the Superior Court vacating the judgment of sentence and remanding for a new trial is reversed and we remand this case to the Superior Court for disposition of appellee's remaining allegations of error.

HUTCHINSON, J., concurred in the result.

PAPADAKOS, J., filed a dissenting opinion.

PAPADAKOS, Justice, dissenting.

I respectfully dissent for the reasons stated in the dissent of Mr. Justice Pomeroy in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). I cannot bring myself to believe that our sense of justice and fair play permits a waiver of basic and fundamental error to our appellate consideration on the merits. To permit such errors of a basic and fundamental nature to surface in post-conviction hearings under the guise of ineffective assistance of counsel, where the rules of review are more strictly applied against the defendant, is not, in my view, fair play.

The majority recognize the grievous error committed in this trial, but refuse to deal with it today. They prefer to wait another two years or so while a post-conviction proceeding winds its way through our appellate process and reaches us again for discretionary review. I prefer Superior Court's handling of the matter and would, thus, affirm Superior Court.