# Commonwealth v. Essey

*Larry J. Keith,* for Commonwealth.
*Norman J. Barilla,* for defendant.

COX, *J.,* December 3, 2007—Before the court for disposition is the omnibus pretrial motion filed on behalf of defendant, Charles G. Essey, which consists of a motion to quash information, a motion for writ of habeas corpus, and a motion to suppress test results.

On May 19, 2007, Pennsylvania State Trooper Harry Gustafson was dispatched to Byers Avenue, South New Castle Borough, Lawrence County, Pennsylvania, to investigate a single vehicle accident. Upon his arrival, Trooper Gustafson noticed that a truck was in a ditch off to the north side of the road. It was apparent that the vehicle struck the embankment and came to a stop after making contact with a street sign. Trooper Gustafson first spoke with the witness who contacted the state police. The witness stated that she came upon the accident, stopped, and talked to defendant, who was standing by the driver's side door of the truck. The witness asked if defendant was all right, and he responded that he was fine and emphatically requested that she not contact the

police. Defendant told the witness that he had not been drinking; however, the witness could smell alcohol on his breath and determined that he was intoxicated. The witness turned on the emergency flashers in defendant's vehicle and took defendant's keys. The witness also had defendant sit in her vehicle with her.

Trooper Gustafson requested that defendant exit the witness' vehicle, so he could question defendant about the accident. Defendant explained that he left a wedding reception at the local fire hall, which was located within view of the accident site, and as he was operating his vehicle, he turned too sharply and just missed the turn. Trooper Gustafson noted that defendant was dry, even though it was raining heavily. During his conversation with defendant, Trooper Gustafson also noticed many indications that defendant was currently intoxicated, such as slurring speech, staggering gait, and bloodshot eyes. Defendant subsequently failed field sobriety tests. A PBT test was administered and the reading was .224 percent blood alcohol content. Defendant was transported to Jameson Hospital where a blood test was administered, which indicated that defendant's blood alcohol content was .27 percent. Defendant was subsequently charged with driving under the influence.

## I. MOTION TO QUASH INFORMATION/ MOTION FOR WRIT OF HABEAS CORPUS

In his motion to quash information and motion for writ of habeas corpus,[1] defendant contends that the Com-

---

1. The court will treat these motions as a petition for writ of habeas corpus, which is the traditional mode for a pretrial challenge that the Commonwealth has insufficient evidence to establish a prima facie

monwealth has failed to provide sufficient evidence that defendant operated the motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving.

Where a criminal defendant seeks to challenge the sufficiency of the evidence presented at his preliminary hearing, he may do so by filing a writ of habeas corpus. *Commonwealth v. McBride,* 528 Pa. 153, 595 A.2d 589 (1991); *Commonwealth v. Carmody,* 799 A.2d 143 (Pa. Super. 2002). A petition for writ of habeas corpus is the proper means for testing a pretrial finding that the Commonwealth has sufficient evidence to establish a prima facie case. *Commonwealth v. Karlson,* 449 Pa. Super. 378, 674 A.2d 249 (1996). In evaluating an accused's entitlement to pretrial habeas corpus relief, a trial court must determine whether there is sufficient evidence to make out a prima facie case that the defendant committed the crime with which he or she is charged. *Commonwealth v. Hock,* 556 Pa. 409, 728 A.2d 943 (1999). In a pretrial habeas corpus proceeding, as in a preliminary hearing, the Commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen,* 397 Pa. Super. 507, 580 A.2d 412 (1990). This does not mean that the prosecution must prove the accused guilty beyond a reasonable doubt, but rather, the prosecution must establish "sufficient probable cause" that the accused has committed the offense. *Commonwealth v. Prosdocimo,* 331 Pa. Super. 51, 479

---

case. *Commonwealth v. Kohlie,* 811 A.2d 1010, 1013 (Pa. Super. 2002); see also, *Commonwealth v. Ballard,* 501 Pa. 230, 232 n.1, 460 A.2d 1091, 1092 n.1 (1983).

A.2d 1073 (1984). The standard in determining whether the defendant is properly held for court is: (a) that the record reveals a prima facie showing that a crime or crimes have been committed; and (b) that the defendant was in some way legally responsible. *Liciaga v. Court of Common Pleas of Lehigh County,* 523 Pa. 258, 566 A.2d 246 (1989). A prima facie case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. *Commonwealth v. Fountain,* 811 A.2d 24 (Pa. Super. 2002). The weight and credibility of the evidence is not a factor at this stage, the Commonwealth only needs to present evidence of each element of the crime charged. *Commonwealth v. Marti,* 779 A.2d 1177 (Pa. Super. 2001).

It is unreasonable to allow a vehicle operator to be exonerated for driving under the influence because there is no other witness of the single vehicle accident, so long as there is sufficient circumstantial evidence that the defendant was in actual physical control of the motor vehicle. *Commonwealth v. Taylor,* 237 Pa. Super. 212, 217, 352 A.2d 137, 139 (1975). The *Taylor* court concurred with the court in *Commonwealth v. Kloch,* 230 Pa. Super. 563, 327 A.2d 375 (1974), that circumstantial evidence, such as the appellant being seated in the vehicle, the motor running, and the lights on, as sufficient circumstantial evidence to prove driving under the influence. *Id.*

In *Commonwealth v. Johnson,* 833 A.2d 260, 263-64 (Pa. Super. 2003), the court held that circumstantial evidence, such as only two vehicles were involved in the accident, the only people at the scene of the accident

were the appellant and the occupants of the other vehicle, the appellant's car had front end damage, and the victim's vehicle had rear end damage, was sufficient evidence to prove the appellant was in actual physical control of the motor vehicle. The *Johnson* court reasoned that the "inference that appellant drove his vehicle to the accident scene is strongly supported by the fact that shortly after the accident, appellant was found leaning against the driver's side door of his vehicle which had just been involved in an accident." *Id.* The *Johnson* court rejected the appellant's argument that he could not be convicted of DUI because no one witnessed him operating the vehicle, but was observed standing outside of the vehicle when police arrived because it is in direct conflict with well-established case law. *Id.,* 833 A.2d at 264-65.

In the case sub judice there were no eyewitnesses regarding defendant's driving prior to the accident; however, the Commonwealth has provided circumstantial evidence to prove that defendant operated his vehicle while under the influence of alcohol to a degree that rendered him incapable of safe driving. The witness stated that when she arrived defendant was standing by the driver's side door of the vehicle. At that time, witness noticed that defendant emitted a strong scent of alcohol. Defendant soon became nervous and did not want the police called to the scene of the accident. Moreover, defendant admitted that he had been to a wedding reception located at the fire hall within view of the accident. There was no indication that defendant left the accident site prior to the witness' arrival, and the witness indicated that she had defendant wait in her vehicle until Trooper Gustafson arrived. Also, defendant stated that he turned too sharply and just missed the turn, which

tends to indicate that the accident had recently taken place.

The circumstantial evidence provided by the Commonwealth is sufficient to prove that defendant did operate his vehicle while he was intoxicated to an extent that rendered him incapable of safe driving. The accident had just occurred prior to the witness' arrival and defendant never left the accident site. The witness indicated that defendant sat in her vehicle from the time she arrived until Trooper Gustafson arrived. Defendant himself admitted to Trooper Gustafson that he was operating the vehicle at the time of the accident, and the terminology defendant used indicates that the accident occurred shortly before the trooper arrived. Thus, there was no opportunity for defendant to imbibe alcohol after the accident and the proximity of the accident site to the fire hall, where defendant admitted to being prior to the accident, indicates that defendant was intoxicated at the time of the accident.

Defendant cites to *Commonwealth v. Enscoe,* no. 1038 of 2006, C.R. (2007), which was decided in the Court of Common Pleas of Lawrence County, as support for his argument. However, this court finds no support for defendant's argument in that case. In *Enscoe,* the court determined that the Commonwealth could not establish that the defendant was intoxicated to a degree that made him incapable of safe driving. *Enscoe* involved a single vehicle accident, where a vehicle careened off the road and struck a swimming pool, and police officers later found the defendant sleeping in his vehicle that had sustained front end damage and was located near a garage. The *Enscoe* court determined that the Commonwealth failed to provide direct or circumstantial evidence

that the defendant was in fact operating the vehicle and could not establish the time at which the accident occurred; however, the court noted that the Commonwealth "could have shown that the tire tracks leading to the swimming pool were freshly made, indicating the accident had just occurred." *Id.*

Defendant also relies on *Commonwealth v. Kelley*, 438 Pa. Super. 289, 652 A.2d 378 (1994), in which the court held that the Commonwealth did not provide sufficient evidence that the appellant was operating his vehicle while under the influence of alcohol where the appellant suffered head injuries stemming from a physical altercation with his brother and a single vehicle accident, which the appellant estimated could have taken place at midnight and rescue workers did not arrive until 3 a.m. The *Kelley* court held that the Commonwealth was only able to prove that the appellant was intoxicated about one hour and 45 minutes after the accident and not when the accident occurred; thus, the facts and circumstances did not lead inescapably to the inference that the appellant was intoxicated to a degree that rendered him incapable of safe driving at the time he was operating the vehicle. *Id.* at 298, 652 A.2d at 382-83.

*Enscoe* and *Kelley* are clearly distinguishable from the case sub judice because the Commonwealth in this case provided enough circumstantial evidence to establish that defendant was intoxicated at the time of the accident, and in *Enscoe* the Commonwealth could not establish the time that the defendant drove his vehicle into the swimming pool and when the defendant ingested the alcohol. Here, Trooper Gustafson even noted that defendant was not wet from the heavy rain as he would have been if he had left the accident site and walked back to

the wedding reception or if the accident had occurred a substantial time before the witness arrived because defendant was standing outside of the vehicle. In *Enscoe,* the Commonwealth failed to prove whether the tire tracks were fresh or not to determine the time of the accident, which the court indicates may have established the Commonwealth's case. Moreover, *Kelley* is inapplicable because in *Kelley* the accident clearly occurred hours before the emergency personnel arrived at the scene and the appellant had received head and facial injuries. In *Kelley,* the appellant had the opportunity to ingest alcohol in the extenuated period between the accident and the arrival of the emergency personnel, and the evidence in the case sub judice does not indicate a period of time for which defendant could have ingested alcohol after the accident or any other circumstance that proves that defendant was not intoxicated at the time of the accident.

## II. MOTION TO SUPPRESS TEST RESULTS

Defendant argues that Trooper Gustafson did not have the requisite probable cause that defendant was operating the vehicle; therefore, the chemical test results obtained as a result of his investigation were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, and Article I, Section 8 of the Pennsylvania Constitution.

To determine if probable cause exists one must look to the totality of circumstances and take into account the police officer's knowledge and trustworthy information, so long as that is sufficient to warrant a person of reasonable caution to believe the offense has been committed

138

by the person to be arrested. *Commonwealth v. Peters,* 915 A.2d 1213, 1220 (Pa. Super. 2007). It is well established in Pennsylvania law that evidence of an automobile accident alone is insufficient to meet the constitutional probable cause requirement to perform a search and seizure, such as a chemical test. *Commonwealth v. Danforth,* 395 Pa. Super. 1, 10-11, 576 A.2d 1013, 1018 (1990) (Police officer did not suspect intoxication and the typical indicators of intoxication were not present and the results of a blood test taken during the appellant's medical treatment for injuries he suffered were inadmissible.). However, probable cause does exist where the facts and circumstances surrounding an automobile accident indicate that the defendant has consumed alcohol. *Commonwealth v. Thur,* 906 A.2d 552, 567 (Pa. Super. 2006). The *Thur* court noted that indicators, such as "red eyes, labored speech and a moderate odor of alcohol, appellant looked, smelled (and sounded) like he had been drinking alcohol," provided probable cause to support the admissibility of the blood test. *Id.*

In the case sub judice, Trooper Gustafson was dispatched to the scene of a single vehicle accident, after the Pennsylvania State Police were contacted by the witness. In addition to viewing the wreckage from the accident, Trooper Gustafson noticed the scent of alcohol on defendant's breath. Moreover, Trooper Gustafson also noted that defendant had slurring speech, staggering gait, and bloodshot eyes. Clearly, these indicators are enough to provide probable cause in light of the court's ruling in *Thur.* Thus, Trooper Gustafson possessed the requisite probable cause that defendant was intoxicated while operating his motor vehicle, which allows for the admissibility of the blood test.

For the reasons set forth in this opinion, defendant's omnibus pretrial motion in the form of a motion to suppress test results, motion to quash information, and a motion for writ of habeas corpus is denied.

## ORDER

Now December 3, 2007, this case being before the court on November 6, 2007, for a hearing on the omnibus pretrial motion for relief filed by the defendant, with both parties appearing, the Commonwealth of Pennsylvania, represented by counsel, Larry J. Keith Esquire, assistant district attorney for the County of Lawrence and the defendant, Charles G. Essey, represented by counsel, Norman J. Barilla Esquire and after a hearing held, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the omnibus pretrial motion filed by the defendant consisting of a motion to quash information, motion for writ of habeas corpus and a motion to suppress test results is hereby denied.

(2) The office of the district attorney shall list the defendant for the January 2008 criminal jury trial list.

(3) The clerk of courts shall serve a copy of this order of court upon counsel of record, Larry J. Keith, Esquire and Norman J. Barilla, Esquire.