J-S32002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMONT WALKER, | |
| Appellant | No. 2019 WDA 2013 |

Appeal from the Order Entered November 25, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0006204-2007

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 24, 2015**

Appellant, Raymont Walker, appeals from the November 25, 2013 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, we affirm.

We previously summarized the facts of the crime and partial procedural history in our disposition of Appellant's direct appeal, as follows:

> Kendall Dorsey ("Dorsey") testified that on December 23, 2006, while sitting on the front porch with his friend, Kevin Harrison ("Harrison"), he saw co-defendant Terrill Hicks ("Hicks") shooting at him and at Harrison.  Dorsey saw [Appellant], who was fifteen-years old, standing with Hicks.  Dorsey scurried into the house and avoided injury, but Harrison was shot and killed shortly thereafter.
>
> Dorsey testified that a few days earlier, he was at his friend John McDonald's ("McDonald") house.  He heard a knock on the door.  Another friend, Michael Harris ("Harris"), answered the door.

Immediately, Hicks attempted to pull Harris out of the house. The attempt was unsuccessful, as Harris was able to close the door. Dorsey testified that he went upstairs, looked out a window and observed [Appellant] and Hicks in the street holding pistols.

Dorsey testified that he encountered Hicks the following day, the day before the shooting. Hicks said that he had been robbed, and that he thought that Dorsey, Harris and Harrison did it. Dorsey said he did not rob Hicks.

The next day, the day of the murder, Dorsey testified that Hicks and [Appellant] drove up to Dorsey and Harrison, while they were walking a dog. Hicks and [Appellant] exited the car, and [Appellant] said, "Where is Mike Harris at?" Dorsey observed that both Hicks and [Appellant] had weapons. Dorsey and Harrison lied, denying that they knew Harris's location, and eventually, Hicks and [Appellant] got back into their car, a white Impala, and left.

Dorsey testified that he and Harrison immediately returned to Harrison's house, where Harris was. Dorsey noticed the white Impala circling the house, the same car in which he had just seen Hicks and [Appellant]. He safely entered the residence, but eventually went outside to the front porch with Harrison to smoke a cigarette. Dorsey told Harris not to join them on the porch because "he was looking for him." Hicks and [Appellant] approached the house. Hicks fired approximately ten shots, killing Harrison.

McDonald testified similarly to the incident at his house. McDonald said that he encountered Hicks at a gas station the day before Hicks came to his house. McDonald said Hicks was upset because he had been robbed. Hicks did not know who had robbed him.

McDonald said that, on the following day, Hicks attempted to forcibly remove Harris from McDonald's

- 2 -

home when Harris answered the door. The day after, Hicks and [Appellant] came to his house again. By that point, Hicks had become convinced that Harris, Harrison and a third individual nicknamed "Dee" had robbed him. Hicks told McDonald that he was looking for the people that he thought had robbed him, and if Hicks found them, either they would get hurt or someone would die. [Appellant] added that what the robbers had done "wasn't cool" and that he "was going to ride with Hicks," his best friend. McDonald, an army sergeant with eight years of military experience, recognized the gun Hicks was carrying as a "Glock 45."

Trial Court Opinion, 1/3/11, at 2–5. Harrison, who was shot three times, died from a gunshot wound to his head.

After his arrest, [Appellant] filed a Motion to transfer the matter from the common pleas court to the juvenile court, and a Petition for *Habeas Corpus*—Petition to Quash the Information, which the trial court denied. At the jury trial of [Appellant] and his co-defendant, Hicks, the trial court granted [Appellant's] Motion for judgment of acquittal of the charge of second-degree murder. Ultimately, the jury convicted [Appellant of one count each of first-degree murder, criminal attempt (homicide), possession of a firearm by a minor, criminal conspiracy, and two counts of aggravated assault].[1]

[1] The jury also convicted Hicks of similar charges.

[Appellant] filed a "Post-Sentence Motion", but filed the Motion prior to sentencing. [Appellant's] Motion challenged the weight and sufficiency of the evidence. Before ruling on [Appellant's] Motion, the trial court sentenced [Appellant]. For his conviction of first-degree murder, the trial court sentenced [Appellant] to life in prison. For his conviction of criminal attempt (homicide), the trial court sentenced [Appellant] to a consecutive prison term of 10-20 years. For his conviction of aggravated assault, the trial court sentenced [Appellant] to a consecutive prison term of 30-60 months. The trial court imposed no further sentence for the remaining convictions.

The trial court granted [Appellant] leave to amend his "Post-Sentence Motion," but [Appellant] filed no amended

- 3 -

motion. Thereafter, the trial court denied [Appellant's] Post-Sentence Motion, after which Appellant filed [a] timely appeal and a court-ordered Concise Statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*Commonwealth v. Walker*, 1667 WDA 2010, 48 A.3d 490 (Pa. Super. 2012) (unpublished memorandum at 1–4) (citations to the record omitted).

This Court affirmed the judgment of sentence on April 30, 2012. *Walker*, 1667 WDA 2010 (unpublished memorandum at *19). Appellant filed a *pro se* PCRA petition on July 30, 2012. The PCRA court appointed counsel, who filed an amended petition on January 7, 2013. The PCRA court held a hearing on May 31, 2013. Following the court's notice of its intent to dismiss the PCRA petition, Appellant filed a response, a petition to stay, and a request to amend. The PCRA court denied the petition to stay, motion to amend, and the petition for post-conviction relief on November 25, 2013. Appellant filed a notice of appeal to this Court on December 20, 2013. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.   Did the lower court err when it denied Raymont Walker's PCRA petition, as he currently serves a sentence the Supreme Court of the United States deemed unconstitutionally cruel and unusual, and whose prohibition must be applied retroactively?

II.  Did the lower court err when it denied Raymont Walker's PCRA petition, as he received constitutionally impermissible ineffective assistance of cou[n]sel?

Appellant's Brief at 4 (full capitalization omitted).

- 4 -

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Perez***, 103 A.3d 344 (Pa. Super. 2014). We grant great deference to the PCRA court's findings that are supported in the record, ***Commonwealth v. Rachak***, 62 A.3d 389 (Pa. Super. 2012), and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014), *appeal denied*, 95 A.3d 277 (Pa. 2014).

Appellant's first issue poses a purely legal question; thus, our review of the PCRA court's determination in that regard is plenary and *de novo*. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id***.

Appellant argues that he is entitled to a new trial based upon ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455 (2012). He acknowledges that our Supreme Court determined that the holding in ***Miller*** does not apply retroactively to an inmate, such as Appellant, convicted as a juvenile, who is serving a sentence of life imprisonment without the possibility of parole and who has exhausted his direct appeal rights and is proceeding under the PCRA. ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), *cert.*

*denied*, ___ U.S. ___, 134 S.Ct. 2724 (2014). He asserts that the Pennsylvania Supreme Court was "misguided," its decision was "erroneous," and the High Court "simply erred in determining the **Miller** Rule is nonretroactive under the current standards." Appellant's Brief at 24, 28. Thus, Appellant argues that **Cunningham** "must be overturned." **Id**. at 29.

Relying upon our Supreme Court's decision in **Cunningham**, the PCRA court rejected Appellant's claim that **Miller** does not provide him with relief and dismissed his claim as without merit. PCRA Court Opinion, 10/24/14, at 5. We agree.

"This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." **Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa. Super. 2014) (citing **Commonwealth v. Slocum**, 86 A.3d 272, 278 n.9 (Pa. Super. 2014)). Indeed, the **Reed** Court, while acknowledging that "different courts have reached substantially differing conclusions on the retroactive application of **Miller**," stated that "this does not alter our analysis of the state of the law in the Commonwealth of Pennsylvania." **Reed**, 107 A.3d at 143. Our Supreme Court has noted that the doctrine of *stare decisis* "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial

process." ***Pennsylvania State Association of County Commissioners v. Commonwealth***, 52 A.3d 1213, 1230 (Pa. 2012).

Moreover, it goes without saying that this Court may not overrule our Supreme Court. ***See, e.g., Fiore v. White***, 757 A.2d 842, 847 (Pa. 2000) (a court decision remains law unless it is reversed by a court of greater jurisdiction or overruled by a court of equal jurisdiction). "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." ***Peters v. Nat'l Interstate Ins. Co.***, 108 A.3d 38, 47 n.12 (Pa. Super. 2014); ***Commonweath v. Boyd***, 941 A.2d 1, 7 (Pa. Super. 2007). As we have stated:

> [T]his court has a "duty and obligation to follow the decisional law of the Supreme Court of Pennsylvania." ***Commonwealth v. Shaffer***, 557 Pa. 453, 734 A.2d 840, 844 n.6 (1999). **"The primary role of the Superior Court is to apply existing law to the cases that come before us**. It is not our function to attempt reversing viable Supreme Court rulings...."

***Commonwealth v. Foley***, 38 A.3d 882, 892–893 (Pa. Super. 2012) (emphasis added). Thus, in reliance upon the applicable precedent of our Supreme Court, we reject Appellant's claim.

Appellant's second issue is actually three separate claims of ineffective assistance of counsel. A PCRA petitioner alleging ineffectiveness of his counsel will be granted relief only if he is able to prove that, "in the circumstances of [his] particular case," the truth-determining process was undermined to the extent "that no reliable adjudication of guilt or innocence

could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). The law presumes that counsel was effective, and it is the petitioner's burden to prove the contrary. *Perez*, 103 A.3d at 348. To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. *Commonwealth v. Baumhammers*, 92 A.3d 708, 719 (Pa. 2014) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975–976 (Pa. 1987)). A petitioner must prove all three factors of the *Pierce* test or the claim fails. *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). In addition, on appeal, a petitioner must adequately discuss all three factors of the *Pierce* test, or the appellate court will reject the claim. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (citing *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014)). Moreover:

> to satisfy the prejudice prong, it must be demonstrated that, absent counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014). If it has not been demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone, and the court need not first decide whether the first and second prongs have been met.

*Perez*, 103 A.3d at 348.

Appellant first contends that trial counsel was ineffective for withdrawing a motion *in limine*, which he suggests precluded review of the issue that there were no eyewitnesses in this case. Appellant's Brief at 31. Originally, at the pretrial stage, this case was assigned to a different judge than the trial judge. N.T. (PCRA), 5/21/13, at 12. Appellant had filed a motion *in limine* on February 3, 2010, in which he sought to preclude the Commonwealth from presenting identification testimony of eyewitness Kendall Dorsey. Motion *in Limine*, 2/3/10; Appellant's Brief at 31–32. In addressing the motion at a hearing on February 4, 2010, the pretrial court asked defense counsel, "Is there case law that says the District Attorney's Office is not allowed to supplement on a *habeas* on a preliminary hearing?" N.T., 2/4/10, at 4. When defense counsel responded in the negative, the pretrial court denied the motion. **Id**. Defense counsel advised the pretrial court that he wanted to address the motion before the trial judge who would be assigned to the case, so he advised, "Your Honor, I will withdraw my motion *in limine* before this court—. . . and file it before the new trial judge." **Id**. at 5.

Upon raising the issue of the denial of the motion in his direct appeal, this Court held the issue to be waived. N.T. (PCRA), 5/31/13, at 14. This Court noted that Appellant failed to direct our attention to the place in the record where he renewed the motion to the trial court; as there was "no ruling before this Court for review," we determined that Appellant was

entitled to no relief. **Walker**, 1667 WDA 2010 (unpublished memorandum at *15).

At the PCRA hearing, trial counsel testified that he "thought" he presented the motion to the new trial court but stated, "I really can't remember." N.T. (PCRA), 5/31/13, at 13. Appellant argued in the amended PCRA petition and asserts on appeal that the failure to present the motion *in limine* to the trial court constituted ineffective assistance of counsel. Appellant's Brief at 33. The PCRA court rejected the claim stating, "Having failed in his first attempt at a motion *in limine*, and presenting no evidence as to why the same motion would be granted before this [c]ourt, this [c]ourt cannot find counsel ineffective for failing to raise a meritless claim." PCRA Court Opinion, 10/24/14, at 8.

We agree with the Commonwealth that Appellant cannot demonstrate prejudice on this issue. Here, the jury convicted Appellant on sufficient evidence of record. Indeed, this Court determined on direct appeal that the evidence at trial was sufficient to sustain all of Appellant's convictions. **Walker**, 1667 WDA 2010 (unpublished memorandum at *5–6). The fact that the Commonwealth did not present eyewitness identification testimony relating to Appellant at the preliminary hearing is of no moment. **See Commonwealth v. Lee**, 662 A.2d 645, 650 (Pa. 1995) (Commonwealth's failure to establish *prima facie* case at preliminary hearing was immaterial

where it subsequently met burden of proof at trial). Our Supreme Court has stated:

> We need not consider whether or to what extent the pre-trial evidence here was sufficient . . . . Any claims of inadequacy Appellant alleges with respect to pre-trial matters have been rendered moot by the "subsequent independent judicial judgment" confirming the existence of the aggravating circumstance in this case. *Commonwealth v. Ballard*, 501 Pa. 230, 460 A.2d 1091, 1092 (1983). *See also Commonwealth v. Lee*, 541 Pa. 260, 662 A.2d 645, 650 (1995) (deeming moot defendant's claims that preliminary hearing judge should have recused himself, as well as the claim that the evidence failed to establish probable cause, where defendant ultimately was found guilty by a jury); *Commonwealth v. McCullough*, 501 Pa. 423, 461 A.2d 1229, 1231 (1983) (concluding that Commonwealth's failure to establish prima facie case at preliminary hearing was immaterial where Commonwealth subsequently met its burden of proof beyond a reasonable doubt at trial). Because a jury determined that Appellant killed Mr. Sementelli while in the perpetration of a felony, Appellant is not entitled to relief on her [pretrial] claim . . . .

*Commonwealth v. Walter*, 966 A.2d 560, 565 (Pa. 2009). We conclude the issue lacks merit.

Moreover, Appellant cannot now show prejudice from the failure to present the motion *in limine* at trial. In affirming the judgment of sentence, we relied on the trial court opinion and rejected a claim challenging the sufficiency of the evidence. *Walker*, 1667 WDA 2010 (unpublished memorandum at *8). In that opinion, the trial court referenced eyewitness testimony, presumably that of Kendall Dorsey, who was the subject of the motion *in limine* and who placed Appellant with the shooter at the time of the murder. Trial Court Opinion, 1/3/11, at 3. We credited the trial court's

- 11 -

opinion, in which the trial court stated that the witness's "statements regarding the shooting were corroborated by other witnesses and physical evidence." *Id.* at 6. Thus, if the motion *in limine* in question would have been offered at trial, and if it had been granted, the trial court stated that the witness's testimony regarding the shooting was corroborated by other witnesses and evidence, *id*., and we affirmed this finding on direct appeal. *Walker*, 1667 WDA 2010 (unpublished memorandum at *8). As counsel cannot show that any alleged ineffectiveness of counsel in failing to re-offer the motion prejudiced Appellant, the claim of ineffectiveness must be rejected. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).

Appellant's second claim of trial counsel ineffectiveness underscores counsel's failure to file a notice of alibi and failure to call Appellant's mother, Pearl Price, as an alibi witness at trial. Appellant's Brief at 34. This issue was discussed at length at the PCRA hearing. N.T. (PCRA), 5/31/13, at 24–27. At that hearing, trial counsel acknowledged that he spoke to Ms. Price on multiple occasions, that she was present at trial, and that she made a statement that Appellant was present with her around the time of the murder. *Id*. at 24–25. Trial counsel testified as follows:

> We investigated this case for probably I think two, maybe three years before it went to trial, every time I spoke with Miss Price it was a different story: We were at the mall. We were at a Christmas party. We were at another party. We were at a church. Holy Family or something to that extent.
>
> And in a trial, especially when identification is the sole issue, the crux of the case, the last thing you want is an alibi

witness to come up here who is shaky in her recollection as to what the events were.

I spoke to [Appellant] numerous times . . . . I said I want you to be sure that this is what you want to do. He said, no, I don't want to call her because I don't know what she is going to say.

*Id*. at 26–27.

The PCRA court rejected the issue based on trial counsel's testimony.

PCRA Court Opinion, 10/24/14, at 6. The court stated:

Counsel noted inconsistencies in both the prospective witness'[s] testimony and her willingness to testify. Counsel did not believe she would be an effective witness and that she would not hold up well to cross-examination. As such, counsel made a reasoned decision based on his strategy.

*Id*. As trial counsel testified to a reasonable basis for not calling Ms. Price as a witness, he cannot be found to be ineffective. ***Commonwealth v. Reed***, 42 A.3d 314, 324 (Pa. Super. 2012), *appeal denied*, ___ A.3d ___ (Pa. 2015) ("If a reasonable basis exists for the particular course, the inquiry ends and counsel's performance is deemed constitutionally effective."). Thus, we reject this contention.

Lastly, Appellant maintains that trial counsel was ineffective for failing to request a jury instruction pursuant to ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954). Appellant's Brief at 39. The PCRA court rejected the claim, holding:

In *Commonwealth v. Kloiber*, the Pennsylvania Supreme Court stated:

> Where the witness is not in a position to clearly observe the assailant, or he is not positive as to identification, or his positive statements as to identity are weakened by qualifications or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must also be received with caution.

> 106 A.2d 820 (Pa. 1954). The instruction is not mandated if the identification by the witness is unequivocal, consistent, and independently based. *Commonwealth v. Johnson*, 615 A.2d 1322, 1336 (Pa. Super. 1992).

> Appellant has failed to establish that a *Kloiber* instruction was warranted. The witness failed to waiver in his testimony regarding identification, despite the best efforts of counsel on cross-examination. The testimony of record established that the witness was able to clearly observe Appellant and his co-defendant. As a *Kloiber* jury instruction was not indicated by the facts of this case, it was not ineffective assistance of counsel not to request such a charge.

PCRA Court Opinion, 10/24/14, at 7.

A **Kloiber** charge instructs the jury that an eyewitness's identification should be viewed with caution where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past. **Commonwealth v. Jones**, 954 A.2d 1194, 1198 (Pa. Super. 2008). None of those circumstances existed in this case.

Appellant's claim is based on his assertion that trial counsel failed to request that the jury be instructed to receive Kendall Dorsey's identification testimony with caution, pursuant to **Kloiber**. Appellant's Brief at 39. At trial, Kendall Dorsey testified that on the evening of the shootings, he was

sitting on the porch of victim Kevin Harrison's house. N.T. (Trial), 4/27/10–5/3/10, at 104–105. Mr. Dorsey observed Terrill Hicks walking down Hays Street, fifty feet away. *Id*. at 107. After the first shot was fired, Mr. Dorsey looked toward the direction it came from—the alleyway across the street between the residences at 311 and 309 W. 13th Avenue—and saw Mr. Hicks firing a gun at Mr. Harrison's house with Appellant standing beside him. *Id*. at 108–109, 164–166, 175, 179. The area where Mr. Hicks and Appellant stood was illuminated by Christmas lights from the surrounding residences, and it was a clear, warm night for that time of year. *Id*. at 174, 179, 285–286, 299. Additionally, Allegheny County Police Detective Thomas De Felice testified that Mr. Harrison and Mr. Dorsey had an unobstructed view of the shooter. *Id*. at 327–328, 332. This evidence clearly was sufficient to establish that Mr. Dorsey had the opportunity to observe Appellant.

Under these circumstances, Appellant was not entitled to a *Kloiber* instruction. Identification testimony need not be received with caution where it is positive, unshaken, and not weakened by a prior failure to identify. *Commonwealth v. Upshur*, 764 A.2d 69, 77 (Pa. Super. 2000). Thus, any such request would have been denied. As trial counsel is not ineffective for failing to assert a meritless claim, *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013), the PCRA Court properly dismissed this contention.

Order affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2015