J-S46005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| WILMA LEE REDDER | |
| Appellant | No. 2110 MDA 2016 |

Appeal from the Judgment of Sentence December 1, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000059-2016

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED JULY 26, 2017**

Wilma Lee Redder appeals from the judgment of sentence of five days to six month's imprisonment that was imposed after she was found guilty of driving under the influence of alcohol ("DUI")--general impairment.  We affirm.

At approximately 9:20 p.m. on November 25, 2015, Pennsylvania State Trooper Albert Levanavage and Pennsylvania State Trooper Taylor Smith were on patrol in separate police cruisers in Bradford County when they were called to the scene of a suspicious vehicle on Congdon Road, in a rural area located approximately five to seven miles from their location.  Ten to fifteen minutes later, the two officers found the vehicle in question, Appellant's Chevrolet S-10 pick-up truck, stopped on the side of Congdon

_____
* Former Justice specially assigned to the Superior Court.

Road in South Creek Township. Trooper Levanavage approached Appellant. Trooper Levanavage detected the odor of alcohol, and Appellant thereafter admitted to consuming that substance. Appellant failed a breathalyzer test and field sobriety tests. Trooper Levanavage concluded that Appellant had imbibed a sufficient amount of alcohol that she was not capable of safely driving her car. She consented to a blood draw, which was performed at 11:02 p.m. on November 25, 2015. The results of testing revealed that she had a BAC of .148%.

On December 17, 2015, Appellant was charged with DUI--general impairment, DUI with a high rate of blood alcohol content (.148%), and careless driving. On February 24, 2016, Appellant filed a motion for a writ of *habeas corpus*, contending that the charges in question should be dismissed. She averred that there was not sufficient proof to establish that she was in actual physical control of the vehicle since she was parked when Trooper Levanavage and Trooper Smith initiated their investigation. An omnibus pretrial hearing was held.

Trooper Levanavage stated that, when he arrived on the scene, the truck's lights were not illuminated. The vehicle was running, and he viewed exhaust emanating from the rear exhaust pipe. Appellant, the sole occupant, was in the driver's seat with her dog in the rear of the passenger compartment of the truck, and she admitted that she had traveled from Wellsburg, New York. No other person was in the area, which was rural with

a few nearby houses. Defense counsel argued that Appellant's truck was parked, and that Appellant placed the keys in the ignition in order to roll down the window to speak with Trooper Levanavage. Appellant maintained that videos from the cruisers would support her claim that the truck was not running when Trooper Levanavage arrived on the scene because they showed no exhaust coming from her rear exhaust pipe despite the cold.

Before ruling on the request for *habeas corpus* relief, the trial court opted to view the videos from the two police cruisers. On June 9, 2016, the trial court denied the petition for *habeas corpus* relief. The trial court noted that the videos of the scene showed no exhaust emanating from any vehicles depicted therein. It credited Trooper Levanavage's testimony that, when he approached the truck, the engine was running and found unbelievable Appellant's story that she placed the keys in the ignition only to open her window. It therefore denied Appellant's motion for *habeas corpus* relief.

Appellant then filed a motion to suppress the results of her BAC, and the Commonwealth agreed to continue the prosecution without those results, withdrawing the charge of DUI--high rate of alcohol. On September 19, 2016, at a nonjury trial, the trial court granted Appellant's request to dismiss the careless driving charge and found her guilty of DUI--general impairment, second offense in ten years. She was sentenced on December 1, 2016, and this appeal followed.

Appellant's brief does not contain a separate statement of issues involved, but her contention on appeal is that "the court erred in denying the pretrial motion of appellant that she did not have actual physical control of her motor vehicle so as to be arrested for DUI." Appellant's brief at 3. Thus, her position is that the trial court should have granted her pretrial *habeas corpus* motion since the Commonwealth never established that she had actual physical control of her truck.

A *habeas corpus* petition is the means by which a defendant challenges whether the Commonwealth has adduced sufficient proof to establish a *prima facie* case and can proceed to trial. **Commonwealth v. Marti**, 779 A.2d 1177, 1179 n.1 (Pa.Super. 2001). Once there has been an adjudication of guilt, any allegation that the Commonwealth failed to establish a *prima facie* case with respect to a crime is rendered moot. **Commonwealth v. Lee**, 662 A.2d 645, 650 (Pa. 1995); **Commonwealth v. McCullough**, 461 A.2d 1229 (Pa. 1983); **Commonwealth v. Ballard**, 460 A.2d 1091 (Pa. 1983). Hence, the issue, as framed by Appellant, is not properly before us. Instead, at this point in the proceeding, the proper inquiry is whether the evidence produced at the non-jury trial was sufficient to sustain the factfinder's determination that Appellant was in actual physical control of her truck so as to sustain the general impairment conviction.

We normally would be unable to review that question because Appellant did not order the trial transcript, and it is not in the record.

- 4 -

*Commonwealth v. Preston*, 904 A.2d 1 (Pa.Super. 2006) (it is the appellant's responsibility to order transcripts necessary to conduct judicial review of issue raised on appeal and failure to order those transcripts results in waiver). However, the *habeas* transcript is available, and the videos of the incident from the two police cruisers are contained in the certified record. We note, "When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Chambers*, 157 A.3d 508, 512 (Pa.Super. 2017) (citation omitted).

Trooper Levanavage reported that Appellant's truck was running when he approached it, and the videos, contrary to Appellant's assertion on appeal, do not refute his testimony. The videos were filmed at night, with only headlights illuminating the scene. Officer Smith was following Officer Levanavage down Congdon Road. The area was wooded with a few houses interspersed among the trees. No people were in the area. Trooper Smith's video does not show the exhaust that was emanating from Trooper Levanavage's cruiser when the vehicles were traveling along the road.

When they found Appellant's truck, Officer Smith pulled over and parked his cruiser facing Appellant's truck. Officer Levanavage drove past Appellant, stopped, reversed his cruiser, and then stopped again parallel to the truck with his video pointed toward the road. Officer Smith's video did

not capture the exhaust emanating from Officer Levanavage's cruiser while Officer Levanavage's cruiser was backing up and being placed in park, even though the exhaust pipe on the cruiser was closer to Officer Smith's vehicle than the exhaust pipe from Appellant's truck. Thus, the fact that there was no exhaust coming from the tail pipe of Appellant's truck is of no consequence. The video simply failed to reveal the exhaust coming from any vehicle. The video from Officer Smith's cruiser does show Appellant reaching to the right after Officer Levanavage stopped his cruiser beside her truck, but Appellant's hand and body were obscured. It was not evident whether she was reaching for something or placing something to her right, and the object in question was not displayed in the video.

The evidence was sufficient to sustain Appellant's general impairment conviction. Pennsylvania's DUI statute provides, in pertinent part, that a person "may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). Whether a person has operated or been in actual physical control of his vehicle is determined by the totality of the circumstances and can be established by circumstantial proof. *Commonwealth v. Williams*, 941 A.2d 14, 27 (2008). The following factors are utilized in making this

assessment: "the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Id.*

In this case, the video demonstrates that Appellant was sitting in the driver's seat of a truck that was stopped on the berm of a remote rural road at night; there were no bars in the vicinity. At the *habeas corpus* proceeding, Officer Levanavage testified that the truck was running when he approached it, and that Appellant indicated that she traveled from Wellsburg, New York. Thus, the record is sufficient to establish that Appellant was in actual physical control of her truck. ***Commonwealth v. Brotherson***, 888 A.2d 901 (Pa.Super. 2005); ***Commonwealth v. Williams***, 871 A.2d 254 (Pa.Super. 2005).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2017