J-S75023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1423 EDA 2018 |

Appeal from the PCRA Order May 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0200121-2004,
CP-51-CR-0200131-2004

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 29, 2019**

Appellant Robert Washington appeals from the order dismissing his fourth Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant claims he recently discovered that he was taken into custody without an arrest warrant and affidavit of probable cause. Appellant asserts that without a valid arrest warrant, the trial court lacked subject matter jurisdiction to accept his guilty plea and sentence him. We affirm.

In November 2003, Appellant was taken into custody, and the Commonwealth filed criminal complaints charging Appellant with numerous offenses, including homicide, in two cases.[2] In February 2014, the Municipal

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant, who was born on October 8, 1986, was seventeen years old when he committed the offenses.

J-S75023-18

Court held the matters for proceedings in the Court of Common Pleas. This Court previously adopted the following summary of the procedural history of Appellant's conviction and the first two PCRA proceedings:

On October 12, 2004, [Appellant] pled guilty to third-degree murder, robbery (two counts), aggravated assault and criminal conspiracy. Th[e trial] court deferred [Appellant's] sentencing hearing until the completion of his accomplice's trial.

While awaiting sentencing, [Appellant] filed a motion to withdraw his guilty plea and requested the appointment of new counsel. On September 16, 2005, th[e trial] court held a hearing with regard to [Appellant's] motions. [Appellant] ultimately withdrew his motions, and his case proceeded to sentencing. The court imposed concurrent prison terms of thirteen (13) to twenty-six (26) years on the murder bill and five (5) to ten (10)-year prison terms on each of the remaining bills. [Appellant] filed a motion for Reconsideration and/or Modification of Sentence. The court denied the motion on October 3, 2005. [Appellant] then filed an appeal in the Superior Court. On August 1, 2006, the Superior Court affirmed [Appellant's] judgment of sentence. *Commonwealth v. Washington*, 2969 EDA 2005 (Pa. Super. Aug. 1, 2006) (unpublished [mem.]). The Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on January 18, 2007. *Commonwealth v. Washington*, 918 A.2d 745 (Pa. 2007) (*per curiam*).

On October 30, 2007, [Appellant filed] a PCRA petition. The [PCRA] court appointed counsel on [Appellant's] behalf. Counsel thereafter filed a brief pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)], stating that the issues raised in the *pro se* petition were without merit and that no meritorious issues or defenses could be raised in an amended petition. On October 3, 2008, after reviewing [Appellant's] *pro se* PCRA petition, counsel's thorough and exhaustive *Finley* brief and the relevant notes of testimony, th[e PCRA] court dismissed the PCRA petition as frivolous [after issuing a Pa.R.Crim.P. 907 notice].

\* \* \*

[Appellant] appealed th[e PCRA] court's ruling to the Superior Court. On February 5, 2009, the Superior Court dismissed the

- 2 -

appeal because [Appellant] failed to file an appellate brief. **Commonwealth v. Washington**, 3206 EDA 2008 (Pa. Super. Feb. 5, 2009) (*per curiam*). [Appellant] then filed a Petition for Review with the Supreme Court. The Supreme Court denied the petition on July 21, 2009. **Commonwealth v. Washington**, 977 A.2d 1086 (Pa. 2009) (*per curiam*).

On or about August 13, 2012, [Appellant] filed [his second *pro se*] PCRA petition. [Appellant] claimed that his guilty plea was not valid and that both trial and PCRA counsel rendered ineffective assistance. On March 25, 2013, after reviewing [Appellant's] *pro se* PCRA petition and the record, th[e PCRA c]ourt dismissed the PCRA petition as untimely [after issuing a Rule 907 notice].

**Commonwealth v. Washington**, 1278 EDA 2013 (Pa. Super. filed Feb. 20, 2014) (unpublished mem.) (internal alterations and footnotes omitted). This Court affirmed the dismissal of Appellant second PCRA petition, **id.** at 1, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, **Commonwealth v. Washington**, 180 EAL 2014 (Pa. filed Aug. 20, 2014).

Appellant filed a third *pro se* PCRA petition, which the PCRA court received on September 19, 2014. After issuing a Pa.R.Crim.P. 907 notice, the PCRA court dismissed that petition on April 28, 2015. Appellant did not appeal.

On April 15, 2016, the PCRA court docketed Appellant's fourth *pro se* PCRA petition, which gives rise to this appeal. On March 2, 2017, the PCRA court issued a Rule 907 notice indicating that the petition was untimely and that Appellant failed to invoke a timeliness exception.

In response, Appellant filed a motion to amend his PCRA petition on March 16, 2017. Appellant alleged that he recently discovered evidence that

he was taken into custody without an arrest warrant. Specifically, he asserted that he first discovered the absence of an arrest warrant on November 10, 2016. Appellant attached to his response a Right to Know Law[3] (RTKL) request dated September 24, 2016, and a copy of his administrative appeal dated October 6, 2016. Appellant also suggested that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by failing to disclose that it proceeded with an illegal prosecution without a valid arrest. Lastly, Appellant asserted that all prior counsel were ineffective for failing to raise this issue.

On May 2, 2018, the PCRA court dismissed Appellant's petition as untimely. On May 11, 2018, Appellant mailed timely notices of appeal, which were docketed and filed in each of the above captioned case. The court did not order a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant presents seven questions, which we have reordered as follows:

> [1.] Whether . . . there's newly-discovered evidence (relating to the lack of arrest warrant issued)[]?
>
> [2.] Whether . . . there [was] prosecutorial misconduct?
>
> [3.] Whether . . . there were ineffective counsel?
>
> [4.] Whether . . . there [was an] arrest warrant?
>
> [5.] Whether . . . there w[as an] affidavit of probable cause for the issuance of an arrest warrant?

---

[3] 63 P.S. §§ 67.101-67.3104.

[6.] Whether the [trial c]ourt had subject-matter jurisdiction?

[7.] Whether . . . the plea was knowing[,] intelligent[,] and voluntary?

Appellant's Brief, 6/15/18, at 3.[4]

Appellant's first two arguments suggest that the PCRA court erred in dismissing his petition as untimely. Appellant asserts that he recently discovered that he was taken into custody without an arrest warrant or accompanying affidavit of probable cause. *Id.* at 11. He relies on ***Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017), for the proposition that he could not have been presumed to know information in a public record. *Id.* at 9. Moreover, he suggests that the Commonwealth suppressed the information. *Id.* at 11.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

_____

[4] Appellant filed two briefs in this appeal, a typed brief filed in this Court on June 15, 2018, and a handwritten brief filed August 3, 2018. The handwritten brief only addresses the underlying merits of Appellant's claim that his guilty plea was involuntarily entered and does not argue that the instant petition was timely filed. For the reasons set forth below, we do not address the issues and arguments presented in Appellant's handwritten brief.

Appellant also filed a handwritten application for relief seeking the dismissal of his convictions based on the Commonwealth's failure to file a brief in this appeal. *See* Application for Relief, 11/26/18. We deny that application.

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). The three statutory exceptions include the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, a petitioner must also file his petition within sixty days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2) (subsequently amended effective December 24, 2017).

The Pennsylvania Supreme Court has noted that

> [a]lthough a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the **Brady** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. In [**Commonwealth v. Bennett**, 930 A.2d 1264, 1271

- 6 -

(Pa. 2007)], we clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a ***Brady*** claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence."

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008) (citations omitted).

In ***Burton***, the Pennsylvania Supreme Court held "that the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) **does not apply** to *pro se* prisoner petitioners." ***Burton***, 158 A.3d at 638 (emphasis in original). The ***Burton*** Court, however, did not relieve a petitioner from establishing the exercise of due diligence. ***See id.***

Instantly, Appellant failed to demonstrate the exercise of due diligence. According to Appellant, it was not until 2016 that he discovered the information indicating that he was taken into custody without an arrest warrant in November 2003. In support, Appellant attached a 2016 RTKL request to his response to the PCRA court's Rule 907 notice. Appellant presented no other evidence that he could not have discovered this information earlier with the exercise of reasonable diligence.

Accordingly, the PCRA court properly concluded that Appellant failed to establish an exception to the PCRA's timeliness requirements. ***See Burton***, 158 A.3d at 638; ***Abu-Jamal***, 941 A.2d at 1268. Because Appellant failed to establish a time-bar exception, we do not consider Appellant's remaining

arguments that the trial court lacked jurisdiction, that all prior counsel were ineffective for raising this claim, or that his plea was invalid.[5]

Order affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/19

---

[5] We add that the apparent absence of an arrest warrant in the record does not affect a trial court's subject-matter jurisdiction to accept a defendant's plea and impose sentence for violations of the Crimes Code. ***See Commonwealth v. Jones***, 929 A.2d 205, 211-12 (Pa. 2007); ***Commonwealth v. Little***, 314 A.2d 270, 272-73 (Pa. 1974); ***Commonwealth v. Kazior***, 410 A.2d 822, 823 (Pa Super. 1979); ***Commonwealth v. Walker***, 365 A.2d 1279, 1282 (Pa. Super. 1976) (citation omitted). Additionally, a claim based on prior counsels' failure to litigate a claim in a timely manner does not permit a petitioner to avoid the PCRA time-bar. ***See Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013).